## THE PEOPLE v. B. F. HAWKINS.

INDICTMENT CHARGING TWO OFFENSES.—Where, in the same indictment, C. was charged with the larceny of certain goods, and the defendant with feloniously receiving, having, and aiding in concealing the same, knowing them to be stolen : *held*, that two offenses were charged, and a demurrer, interposed to the indictment by defendant, on the ground that two distinct offenses were charged therein, and against different parties, was properly sustained.

RECEIVING STOLEN GOODS.—Where an indictment only charged the defendant with feloniously receiving, having, and aiding in concealing certain stolen goods, knowing the same to have been stolen : *held*, that the offense, if any, therein charged was for receiving stolen goods, as prescribed in section sixty-three of the Act concerning crimes and punishments, and is a different offense from either larceny or of an accessory after the fact.

APPEAL from the County Court, El Dorado County.

The facts are sufficiently stated in the opinion of the Court.

*J. G. McCullough, Attorney-General,* for the People.

[No brief on file for Respondent.]

By the Court, SAWYER, J.:

One Collins was indicted for the larceny of certain goods. After stating the larceny of the goods by Collins, the same indictment proceeds against defendant, Hawkins, charging him with feloniously receiving, having and aiding in concealing said goods, knowing them to be stolen. Hawkins demurred, on the ground, among others, that there were two distinct offenses charged in the indictment, and against different parties. The demurrer was sustained, and the indictment dismissed, as to Hawkins, and the people appeal. We think the demurrer was properly sustained. The offense stated as against Hawkins, if any, was for receiving stolen goods, under section sixty-three of the Act concerning crimes and punishments, which is a different offense from that of the larceny, committed at a subsequent time by a different party, and subject to a different measure of punishment. (See Section 63.)

But it is probable, as claimed by the Attorney-General, that the District Attorney intended to indict Hawkins as an accessory after the fact, under section twelve. If so, he failed to state facts sufficient to constitute that offense : "An accessory after the fact is a person who, after full knowledge that a crime has been committed conceals it from the magistrate, or harbors and protects the person charged with or found guilty of the crime." (Sec. 12 of Act concerning crimes and punishments; 1 Bish. Crim. Law, Sec. 493.) Hawkins is not charged with concealing the crime from the magistrate, or harboring and protecting the party charged, but with receiving, having and concealing the stolen goods, which is a different offense.

Judgment affirmed.