Argued May 15, affirmed as modified June 15, 1972

## STATE OF OREGON, *Respondent, v.*
## WARREN HARDING CLARK,
### *Appellant.*

497 P2d 1210

*Darrell E. Bewley,* Portland, argued the cause for appellant. With him on the brief were Francis F. Yunker and Sherwood & Barnes, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

FORT, J.

The defendant was indicted in a three count indictment charging him with receiving and concealing stolen property. ORS 165.045. The first count charged that

"* * * on or about the 17th day of December, 1970, in Multnomah County, State of Oregon, [the defendant] did unlawfully and feloniously receive and conceal certain stolen property, to-wit, a guitar, the personal property of Mattie Hayes [sic], * * *"

the said defendant knowing the property had theretofore been stolen. The second count charged that on or about the same day, December 17, 1970, in Multnomah County, Oregon, the defendant similarly received and concealed a stolen Polaroid camera belonging to a Ronald Craven, the defendant knowing that the property had theretofore been stolen. The third count, in the same form as the prior two counts, charged that defendant, knowing the property to have been stolen, feloniously received and concealed on December 17, 1970, in Multnomah County, Oregon, a pair of binoculars belonging to one Clarence O. Clingdanel.

After trial by jury the defendant was found guilty on all three counts. At the time set for sentencing, the court, over the objection of defense counsel, treated each count as a separate crime and sentenced defendant to five years on the first count,

three years on the second count and two years on the third count, the sentences to run consecutively. Defendant appeals.

At trial, the state in relation to Count I produced evidence showing that one Matti Hays was the owner of a 16-string Harp-Gibson guitar. She discovered that the guitar was missing sométime in November 1970. She reported the incident to the Portland Police Department. Mrs. Hays subsequently discovered that the guitar had been stolen by her son-in-law and sold for $10 to a person residing at 103 N. Morris, Portland, Oregon. She went to the house at 103 N. Morris where she spoke with the defendant. At that time she told defendant that the guitar had been stolen and offered to purchase it back for the $10 he had paid for it. However, defendant refused to return the guitar.

In relation to Count II, the state produced evidence to show that on November 9, 1970, the residence of one Ronald Craven was burglarized. Taken in the burglary was, among other things, a Polaroid camera.

In relation to Count III, the state produced evidence to show that on September 6, 1969, the residence of one Clarence O. Clingdanel was burglarized. Taken in the burglary was, among other things, a pair of binoculars.

On December 17, 1970, officers of the Portland Police Department conducted a search of the residence at 103 N. Morris. Among other items found during this search was a guitar which was identified as belonging to Matti Hays, a Polaroid camera which was identified as belonging to Ronald Craven, and a pair of binoculars identified as belonging to Clarence Clingdanel.

The state also offered evidence to show that the house at 103 N. Morris was the residence of defendant.

There was no evidence offered to show when these items came into the possession of defendant, and the state did not request that the jury be instructed to make a special finding as to the date or dates when these items came into defendant's possession.

The defendant, in his sole assignment of error, contends that the evidence at most establishes but a single offense, and the trial court committed prejudicial error in imposing separate sentences on each count. We agree.

In 2 Wharton, Criminal Law and Procedure 288-89, § 569 (Anderson 1957), it is stated:

> "Separate offenses are committed in receiving from the same person at different times stolen goods, knowing them to have been stolen. No distinction is made, however, when the property is received at one time, as to whether it is the property of one or several persons."

See also, 45 Am Jur 394-95, § 13. In *People v. Lyons,* 50 Cal 2d 245, 324 P2d 556, 573 (1958), the California Supreme Court stated:

> "Defendant meritoriously contends that the receipt by him of the two items of property which are, respectively, the subjects of counts 5 and 6, constituted only one criminal transaction and that therefore he should not have been sentenced on two counts. The evidence of the accomplices shows that defendant originally received the watch and the fur coat on a single occasion. Therefore, but one offense of receiving stolen property is shown, although the goods were stolen from different sources, and the duality of the sentences * * * cannot be permitted to stand. * * *"

Similarly in *People v. Smith,* 26 Cal 2d 854, 161 P2d 941, 943 (1945), it is stated:

> "The crime of receiving stolen goods consists

of either buying or receiving personal property with knowledge that it has been stolen. (Pen. Code, § 496.) The gist of the offense is the purchase or receipt of the stolen goods with guilty knowledge but the particular ownership of the goods is not an element of the crime. Neither the legal nor moral character of the act is affected in any way by the fact that the stolen property may have belonged to several persons rather than to a single person. The crimes of larceny and of receiving stolen goods are separate and distinct, People v. Hawkins, 34 Cal. 181; 22 Cal. Jur. § 2, p. 556, and the pleading and proof of successive thefts from different owners enters into the pleading and proof of the crime of receiving such stolen property in a single transaction only for the purpose of showing that the property had in fact been stolen and that the person charged had guilty knowledge.

"These views find support in the conclusions reached in People v. Willard, 92 Cal. 482, at page 488, 28 P. 585, at page 587, where the court said: 'The same proof, and the only proof, of a receipt of the Hazard goods on or about March 11th, equally proved a receipt of the Williams goods at the same time; and, if both were received at the same time, it was one offense, and the acquittal on the first charge was a bar.' Further support is found by analogy in the authorities dealing with the crime of larceny, which authorities hold that the theft of several articles at one and the same time constitutes but one offense although such articles belong to several different owners. (See Wharton's Criminal Law (vol. 2) § 1171, p. 1489; State v. Sampson, 157 Iowa 257, 138 N.W. 473, 42 L.R.A.,N.S.,967, and exhaustive note.)"

A conclusion similar to that indicated above is suggested by *State v. Clark,* 46 Or 140, 141, 80 P 101 (1905), the Oregon authority closest in point:

"* * * [O]ne offense may be committed at one

time and place to the injury of two or more persons: *Woodford v. People,* 62 N.Y. 117 (20 A. Rep. 464); *People v. Milne,* 60 Cal. 71. It is therefore held by the weight of authority that the stealing of articles belonging to two or more persons at the same time and place constitutes but one offense * * *."

The state in its brief here concedes:

"Defendant is probably correct in his assertion that, when the trier of fact finds that the accused received several items of stolen property at one and the same time, the accused can only be found to have committed one act of receiving stolen property, and only one sentence may be imposed therefor, even though the property in question was stolen from different owners at different times. * * *"

It seeks to avoid the consequences of this concession because the evidence showed the various articles were stolen on different dates from different owners. The crime charged here, however, was not larceny or burglary, but receiving and concealing stolen property, and, if the state contended the articles were received or concealed by the defendant on separate occasions, it was incumbent upon it to offer evidence to that effect. It did not do so. Here the indictment not only expressly alleged as to each count that the offense was committed on the same date, but also that each was "a part of the same act and transaction" charged in the other two counts. The verdict form as to each count simply found the defendant guilty "as charged in the indictment."

The motion to impose sentence for conviction of a single offense should have been allowed. *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971). The judgment is affirmed as to Count I. The judgments imposed for Counts II and III must be vacated.

Affirmed as modified.