Argued September 21, reversed and remanded October 19,
petition for rehearing denied November 22, 1972,
petition for review denied January 30, 1973

## STATE OF OREGON, *Appellant, v.* FRENCH LEE MILLER (No. C-71-06-1706 Cr), *Respondent.*

501 P2d 1309

*John W. Burgess,* Special Assistant Attorney General, Salem, argued the cause for appellant. With him

on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

The defendant was indicted in a two-count indictment charging him with receiving and concealing stolen property contrary to former ORS 165.045. The first count charged that

"* * * on or about the 1st day of June, 1971, in the County of Multnomah, State of Oregon * * * [the defendant] did feloniously receive and conceal an amplifier and one set of stereo earphones, the property of James A. Day * * *,"

the defendant knowing that the property was stolen.

The second count charged that as part of the same act and transaction and on or about the same day, the defendant similarly received and concealed a color television set and a stereo belonging to Richard E. Aubel, the defendant knowing that the property had theretofore been stolen.

Defendant was tried and found guilty of both counts. Thereafter, a motion for new trial was allowed. Prior to his second trial defendant filed a document entitled "DEMURRER OR IN THE ALTERNATIVE A MOTION TO ELECT AND TO STRIKE."

In his demurrer defendant argued:

"In the present case, the crime is one against property, and by the indictment the allegation is that it took place at the same time and place. There-

fore, it is clear that only one crime is alleged, although the indictment purports to allege two separate crimes. For this reason Defendant demurs [to] one of the two counts of the indictment since with the other, it fails to state a crime. ORS 135.630(4). * * *"

In his alternative motion defendant argued:

"In the alternative, Defendant moves the Court to order the State to elect which count it will proceed upon and to strike as surplusage, prejudicial to the Defendant, the count not elected. * * * It is obvious that if the indictment only charges one crime, the other attempted criminal allegation is surplusage which can only work to the detriment of the Defendant."

After hearing argument, the trial court found that "the particular property in each count was taken at the same time from the same place and where the two respective owners were living together in this house * * *." The court then ruled that the state was required to elect upon which count it would proceed. The state refused to elect between the counts, and the court ordered the indictment dismissed. The state appeals.[1]

It is unclear from the transcript of the proceedings below whether the trial judge granted defendant's demurrer or his alternative motion to elect. Whichever the case, we hold that dismissal of the indictment was error.

██ The indictment in this case follows the language of former ORS 165.045, and is therefore good

---

[1] ORS 138.060(1) reads:

"The state may take an appeal to the Court of Appeals from:

"(1) An order made prior to trial dismissing the indictment."

on demurrer. *State v. Nussbaum,* 261 Or 87, 91, 491 P2d 1013 (1971). The indictment did not, and need not, state precisely when the property was received and concealed by defendant. It was, therefore, impossible for the trial court to discern from the face of the indictment "[t]hat the indictment charges one crime." The evidence at trial might show that the property was received and concealed by defendant at different times. It appears that the trial court was anticipating that the evidence at trial would show that the property was received and concealed at the same time, and that therefore only one crime would be proven. *See State v. Clark,* 9 Or App 530, 497 P2d 1210 (1972). *See also State v. Norton,* 9 Or App 595, 497 P2d 680, Sup Ct *review denied* (1972). But such conjecture is not a proper consideration at the pleading stage. The facts stated in the indictment constitute two crimes of receiving and concealing, and therefore the state was not required to elect between the two counts of the indictment.

Reversed and remanded.