Allen Edward HARRIS, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 28825.

Missouri Court of Appeals,
Western District.

Jan. 29, 1979.

Kevin R. Locke, Asst. Public Defender, Clifford A. Cohen, Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Steven D. Steinhilber, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

Harris was indicted on five counts. His case went to trial, but at the close of the State's evidence Harris changed his plea to guilty. The plea was accepted, and sentence was imposed of twenty years on each count to run concurrently. Thereafter Harris filed this 27.26 motion. The trial court appointed counsel, held a hearing, made findings and overruled the motion. Harris appeals. We affirm.

Harris' first point is that he received ineffective assistance of counsel. The trial court found representation by trial counsel to have been adequate, and that finding is not clearly erroneous. An extended opinion on this point would have no precedential value and Harris' Point II is therefore overruled under Rule 84.16(b).

Harris' second and final point is that his conviction under both Counts I and III subjected him to double jeopardy. Count I alleged that Harris assaulted Emmett F. Walls with a .38 caliber revolver and did rob Walls of $200 by force and violence to his

person and by putting him in fear. Count III alleged that Harris assaulted Walls with a deadly weapon by shooting and maliciously wounding Walls with the purpose of killing him.

■ The trial court found that Harris had waived any objection based on double jeopardy by pleading guilty. That basis for the ruling is unsound, because a plea of guilty cannot of itself constitute waiver of double jeopardy. *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); *State v. Cody*, 525 S.W.2d 333 (Mo.banc 1975).

There are numerous Missouri cases saying that double jeopardy is a personal privilege which may be waived by appropriate action or inaction (other than a mere guilty plea). *Ex parte Dixon*, 330 Mo. 652, 52 S.W.2d 181 (banc 1932); *State v. Paglino*, 319 S.W.2d 613 (Mo.1959); *State v. Harper*, 353 Mo. 821, 184 S.W.2d 601 (1945); *State v. Reynolds*, 345 Mo. 79, 131 S.W.2d 552 (1939). So, it has been held that an objection of double jeopardy is waived if not timely raised. *Ex parte Dixon, supra; Williams v. State*, 567 S.W.2d 370 (Mo.App.1978). Harris did not make any objection based on double jeopardy at any time during the course of the principal proceedings, and the cases just cited would support the application of this variation on the trial court's theory of waiver.

However, a cloud has been cast upon the foregoing analysis due to the opinion in *State v. Cody, supra*, which holds that double jeopardy is a "jurisdictional defect." If so, such objection is not subject to waiver. The Attorney General seeks to distinguish *Cody*, but this matter need not be pursued.

■ Even if the reason given by the trial court for a ruling may not be supportable, the ruling may nevertheless be affirmed if sustainable on any proper ground. *Turner v. State*, 559 S.W.2d 555 (Mo.App. 1977); *Tollison v. State*, 556 S.W.2d 455 (Mo.App.1977). Such a supportable ground for affirmance does exist here in that Counts I and III have not been shown actually to be duplicitous.

There are cases which hold that the state may not use a single act of force on the part of a defendant as the basis upon which to convict him of both robbery and assault. *State v. Richardson*, 460 S.W.2d 537 (Mo. banc 1970); *State v. Neal*, 514 S.W.2d 544 (Mo.banc 1974). However, those cases acknowledge and others expressly hold that a defendant may be charged and convicted of both robbery and assault where separate acts of force were employed to commit the respective crimes. For example, there are separate acts of force and therefore no double jeopardy where the defendant shot the victim after the robbery had already been completed. *State v. Ross*, 523 S.W.2d 841 (Mo.App.1975); *State v. Collett*, 526 S.W.2d 920 (Mo.App.1975).

In the present case the indictment does not show on its face that there was only a single act of force used to commit both the robbery and also the assault. Indeed, there is some slight indication to the contrary in that Count III (charging assault) alleges shooting and wounding, whereas Count I (charging robbery) makes no such allegation. Nor has Harris shown by any evidence that both counts rest upon a single act of force.

Rule 27.26(f) expressly places the burden of proof upon Harris to establish his grounds for relief. He has wholly failed to carry this burden of showing a violation of the double jeopardy rule. His second point must therefore be overruled.

Affirmed.

All concur.