Victor BROWN, Sr., # 120441, Appellant,

v.

STATE OF MARYLAND, Appellee.

No. 79–6583.

United States Court of Appeals,
Fourth Circuit.

Argued March 4, 1980.

Decided April 9, 1980.

---

1. The victim was attacked from the back and stabbed 21 times.

Robert E. Shepherd, Jr., Richmond, Va. (L. Dennis Collins, Emporia, Va., Norman A. Krumenacker, Richmond, Va., Richard N. Owen, Third Year Law Student, University of Richmond School of Law on brief), for appellant.

Thomas P. Barbera, Asst. Atty. Gen., Baltimore, Md. (Stephen H. Sachs, Atty. Gen. of Maryland, Baltimore, Md. on brief), for appellee.

Before WINTER, BUTZNER and PHILLIPS, Circuit Judges.

BUTZNER, Circuit Judge:

Victor Brown appeals from a judgment of the district court denying his petition for a writ of habeas corpus. His principal allegation is that he was convicted of second degree murder and attempted robbery in violation of the double jeopardy clause. We affirm because by pleading guilty after entering into a favorable plea bargain, Brown waived his right to be free from double jeopardy.

Brown was charged in a Maryland court with murder and attempted armed robbery. During his trial, Brown withdrew his plea of not guilty. Pursuant to a plea bargain he then pled guilty to second degree murder and attempted armed robbery. The facts presented to the trial judge in support of the guilty plea disclosed that Brown participated in an attempted robbery which resulted in the death of the victim. The prosecutor stated in the hearing on the guilty plea that there was no evidence to indicate that Brown had fired the fatal shot and that the accomplice who fired the shot had already been convicted.

When Brown was convicted, Maryland law provided that a homicide committed in the perpetration of a felony was first degree murder and that the only punishment was death or life imprisonment. In contrast, the maximum sentence for second degree murder and attempted armed robbery was 50 years.* The state recommended a 40-year sentence, but the court sentenced Brown to imprisonment for 35 years—25 years for second degree murder and a consecutive 10-year sentence for attempted armed robbery.

Brown argues that his conviction of both offenses is invalid. He relies on the principle that a conviction of both felony murder and the underlying felony violates the double jeopardy clause of the fifth amendment. *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977). He also cites two decisions of Maryland trial courts which granted post conviction relief on facts similar to his own situation. *See State v. Cornish*, No. 2926 (Dorchester County, Cir.Ct., Md., March 2, 1978); *State v. Davis*, No. 2923 (Dorchester County, Cir. Ct., Md., June 22, 1977).

■ *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), controls the question of waiver even though the constitutional infirmity Brown alleges was concurrent with the guilty plea rather

---

* *See* Md.Ann.Code art. 27, §§ 410, 413, 414, 488 (1971). The current versions of these statutes, as amended in part, are codified as Md.Ann. Code art. 27, §§ 410, 412-413, 488 (1976 and Cum.Supp.1979).

than antecedent to it as in *Tollett.* That case teaches that the crucial inquiry is whether the plea was voluntary and based on advice of counsel that was "within the range of competence demanded of attorneys in criminal cases." 411 U.S. at 266, 93 S.Ct. at 1608.

■ Brown's plea of guilty resulted from a bargain that substantially reduced the sentence that would have been imposed had he been convicted of first degree murder. "[A]n otherwise valid plea is not involuntary because induced by the defendant's desire to limit the possible maximum penalty to less than that authorized if there is a jury trial." *Parker v. North Carolina*, 397 U.S. 790, 795, 90 S.Ct. 1458, 1461, 25 L.Ed.2d 785 (1970). *See also Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Brown's plea was voluntary.

Because of the disparity between the minimum sentence for first degree murder and the maximum combined sentence for second degree murder and attempted armed robbery, we find that his counsel's advice to accept the plea bargain and plead guilty to the lesser charge was within the appropriate range of competence. *See McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977).

Therefore, Brown's voluntary and intelligent guilty plea waived his right to object to his convictions on double jeopardy grounds. We are not persuaded that we should follow the decisions of the Maryland trial courts that Brown cites. Neither of them advert to *Brady, Parker*, and *Tollett.*

We find no merit in Brown's other claims and affirm the judgment with respect to them for reasons adequately stated by the district court.

*AFFIRMED.*