623 P.2d 849

**The STATE of Arizona, Appellee,**

v.

**Richard REISIG, Appellant.**

**No. 2 CA–CR 2062.**

Court of Appeals of Arizona,
Division 2.

Dec. 22, 1980.

Rehearing Denied Jan. 14, 1981.

Review Denied Feb. 11, 1981.

Robert K. Corbin, Atty. Gen., Phoenix by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Zuravsky & Fritz by Jerome A. Zuravsky, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Appellant was found guilty by a jury of nine counts of possession of altered property, in violation of A.R.S. § 13–2306, and was sentenced to time served in jail, the court having elected to treat the offenses as misdemeanors. Appellant contends that the trial court erred in rejecting his attack on the constitutionality of A.R.S. § 13–2306 and challenges the sufficiency of the evidence to sustain the convictions. We find

no merit in his position but reverse and remand with directions to enter judgment of guilt on one count only.

A.R.S. § 13–2306, as it read at the time of these offenses, provided:

Possession of altered property; classification.

A. A person who is a dealer in property and recklessly possesses property the permanent identifying features of which, including serial numbers or labels, have been removed or in any fashion altered, without the consent of the manufacturer of the property, is guilty of a class 6 felony.

B. It is a defense to a prosecution under this section that a person has lawfully obtained a special serial number pursuant to § 28–320 or lawfully possesses the usual indicia of ownership in addition to mere possession.[1]

Appellant contends the statute is unconstitutional because it suffers from vagueness and overbreadth, denies equal protection of the laws, and is violative of due process. A.R.S. § 13–2301(B)(1) defines "dealer in property" as a person who buys and sells property as a business. This statutory definition is sufficient to overcome appellant's claim of vagueness. *See United States v. King*, 532 F.2d 505 (5th Cir. 1976), cert. den. 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327. We also reject his argument that he is deprived of due process because the statute requires no relationship between the property which is recklessly possessed and the property in which the dealer in property deals.

Appellant's equal protection argument is predicated on the fact that the legislature has singled out dealers in property in contrast to dealers in services. Where a classification does not involve a suspect class of persons or a constitutionally protected interest, however, equal protection is offended only if the classification is wholly unrelated to the objectives of the state's action. *Stephens v. Textron, Inc.*, 127 Ariz. 227, 619 P.2d 736 (1980). The requisite rational basis exists here.

1. Absence of the manufacturer's consent has been deleted from subsection A and such con-

sent added as a defense under subsection B by amendment effective April 23, 1980.

The historical note to the statute indicates that it is based on the Model Theft and Fencing Act proposed by G. Blakey and M. Goldsmith, Criminal Redistribution of Stolen Property: The Need for Law Reform, 74 Michigan Law Review, 1511–1626 (1976). The purpose of a statute like A.R.S. § 13–2306 is to prevent the distribution of stolen property through legitimate channels by placing upon the dealer in property a duty to inquire into the source of items whose identifying labels have been removed and to obtain some kind of documentation of the transaction. Blakey and Goldsmith, supra, at 1555–56. The legislature may, without doing violence to equal protection, apply the statutory proscription only to certain businesses. See People v. Neville, 42 Ill.App.3d 9, 355 N.E.2d 179 (1976); Ex parte Rubin, 362 S.W.2d 331 (Tex.Crim.App. 1962).

■ Appellant also attacks the sufficiency of the evidence to support his convictions. He concedes that the evidence demonstrated that he dealt in auto parts and did have at his business premises nine dismantled automobiles bearing no vehicle identification numbers. The state is not required to prove that appellant was a dealer in the type of property which formed the basis of the charges or that he was in fact dealing with the specified items. Appellant relies on testimony that appellant was merely storing the nine vehicles, two of which belonged to one witness and the other seven to another witness. However, in the face of other evidence that the nine vehicles were intermingled with those belonging to appellant, the jury could logically have chosen not to believe the two witnesses.

■ After reviewing the entire record pursuant to A.R.S. § 13–4035(B), we believe appellant should have been convicted of only one violation of A.R.S. § 13–2306. His simultaneous possession of nine articles of property without serial numbers was proscribed by a single statute. Therefore, he can be convicted of only one count of possession. People v. Harris, 71 Cal.App.3d 959, 139 Cal.Rptr. 778 (1977). The situation is analogous to the "single larceny doctrine." See Annot. 37 A.L.R.3d 1407. Appellant's possession was one act or transaction. Since the gravamen of the offense is possession, rather than removal of each identification number as the state argues, the legal quality of the act is not affected by possession of more than one vehicle without identification numbers.

The judgment is affirmed as to one count of violating A.R.S. § 13–2306 and reversed as to the remaining counts.

HATHAWAY, C. J., and HOWARD, J., concur.