**UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,**

v.

**Frank ROMANO and Thomas Romano, Defendants-Appellants, Cross-Appellees.**

**No. 81–5710.**

United States Court of Appeals, Eleventh Circuit.

March 5, 1985.

---

Hatchett, Circuit Judge, concurred in part and dissented in part with statement.

Neal R. Sonnett, Benedict P. Kuehne, Bierman, Sonnett, Shohat & Sale, Miami, Fla., for defendants-appellants, cross appellees.

James M. Deichert, Sp. Atty., U.S. Dept. of Justice, Atlanta, Ga., Sidney Glazer, Sara Criscitelli, U.S. Dept. of Justice, Crim. Div. Appellate Sect., Washington, D.C., for plaintiff-appellee, cross appellant.

Before RONEY, HATCHETT and ANDERSON, Circuit Judges.

BY THE COURT:

On July 19, 1984, this Court reversed the convictions of Thomas Romano and Frank Romano. *United States v. Romano*, 736 F.2d 1432 (11th Cir.1984). The reversal of the convictions necessarily reversed the district court's criminal forfeiture orders as to each defendant. While the decision as to Frank Romano was pending before this Court on the Government's petition for re-

hearing and rehearing en banc, Frank Romano died on January 3, 1985.

When a defendant dies pending direct appeal of his criminal conviction, the Court will dismiss the appeal as moot with respect to that defendant and remand the case to the district court to vacate the judgment and dismiss the indictment. *United States v. Lewis*, 676 F.2d 508, 510 n. 1 (11th Cir.), *cert. denied*, 459 U.S. 976, 103 S.Ct. 313, 74 L.Ed.2d 291 (1982); *United States v. Holt*, 650 F.2d 651 (5th Cir. 1981); *United States v. Pauline*, 625 F.2d 684 (5th Cir.1980).

Although we have not decided whether an appeal involving a criminal forfeiture order would be mooted upon the death of the defendant, in this case the Government has chosen not to contest the matter. Therefore, the opinion of this Court, insofar as it relates to Frank Romano, is VACATED. Frank Romano's case is REMANDED to the district court so that it may vacate the judgment and dismiss the indictment as against him.

The Clerk is instructed to issue immediately the mandate on the decision of this Court as to Thomas Romano, which decision is unaffected by this order.

All pending motions and petitions are DISMISSED AS MOOT.

HATCHETT, Circuit Judge, concurring in part and dissenting in part:

1. I would grant Thomas Romano's motion to issue the mandate immediately.

2. I would grant Frank Romano's motion to dismiss the appeal as moot and direct the district court to vacate the judgment and dismiss the indictment against Frank.

3. Because I adhere to the panel opinion (*United States v. Romano*, 736 F.2d 1432 (11th Cir.1984)), I would deny the government's Motion to Vacate Portion of Opinion Because of Mootness.