**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Michael V. HILL, Defendant-Appellant.**

**No. 48016.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 30, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1985.

Application to Transfer
Denied Aug. 7, 1985.

Toby H. Hollander, St. Louis, for defendant-appellant.

William L. Webster, Michael H. Finkelstein, Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant was found guilty by a jury of second degree burglary, § 569.170 RSMo 1978, and stealing over $150, § 570.030 RSMo 1978. Defendant, a persistent offender, was sentenced to ten year terms on each count to run consecutively. Defendant appeals on three grounds. We affirm.

Defendant was charged by indictment with four counts of burglary (Counts I–IV) and four counts of stealing (Counts V–VIII) for crimes committed on four different dates. Counts I and VIII, charging burglary and stealing on March 12, 1982, were the subject of defendant's first trial on September 13, 1983. The jury found defendant guilty and the court sentenced him to serve two ten year sentences concurrently. On October 3, 1983 defendant was tried on Counts II and V, charging burglary and stealing on May 30, 1982, from which this appeal was taken. The events of March 12 and May 30, 1982 were not related or connected.

Defendant first contends that he was twice placed in jeopardy for the same offense. He relies upon the fact that during the September 13, 1983 trial only two of the eight Counts in the indictment were tried. He concludes that jeopardy attached to all Counts in the indictment because no severance occurred before the first trial. To support this view he contends that the state merely failed to offer evidence and prove the remaining six Counts, two of which were tried in the case now on appeal.

■ The state first responds that defendant did not present the claim of double jeopardy at any stage before the trial court and cannot raise the claim for the first time in an appellate court. The state relies on *Ex parte Dixon,* 330 Mo. 652, 52 S.W.2d 181, 182 (1932) and *United States v. Conley,* 503 F.2d 520, 521 (8th Cir.1974). The *Dixon* case was a habeas corpus proceeding and not a direct appeal. The court used the language relied upon by the state but the issue presented in this case was not before the court. More recently in *State v. Cody,* 525 S.W.2d 333 (Mo. banc 1975) the court considered the claim of double jeopardy in a direct appeal after a plea of guilty. The defendant contended that the court erred in refusing to consolidate two Counts which he contended constituted a single offense and violated his right against being put twice in jeopardy for the same crime. The trial court had overruled defendant's motion to consolidate before accepting pleas of guilty on both Counts. The supreme court agreed with defendant and treated the claim of double jeopardy as an assertion of a constitutional right and said, "its practical result is to prevent a trial from taking place at all." The court distinguished this right from those which prescribe procedural rules that govern the conduct of a trial. *Id.* at 335. It concluded that the trial court was without power or jurisdiction to try the defendant twice for the same offense. On that rationale a claim of double jeopardy may be jurisdictional and may be raised for the first time on appeal.

The state also contends that double jeopardy is a personal right which if not pleaded by the defendant at the time of trial will be regarded as waived. *State v. Reynolds,* 345 Mo. 79, 131 S.W.2d 552, 554 (1939) [grant of continuance at defendant's request after jury was sworn found to be implied waiver]; *State v. Harper,* 353 Mo. 821, 184 S.W.2d 601, 604 (1945) [defendant acquiesced in grant of new trial after conviction and participated in second trial without interposing plea of former jeopardy held to be a waiver].

■ In the present case we find that defendant waived the claim of double jeopardy. Before the first trial on September 13, 1983 the court renumbered Counts I and VIII as I and II at defendant's request. Defendant was represented by the same counsel on October 3, 1983 and the Counts then tried were renumbered I and II. Defendant's counsel made no objection during either trial or at any stage of the proceedings based upon a claim of double jeopardy. The state argues that defendant by implication agreed to a severance which was not formally entered of record prior to the first trial. This issue could have been prevented by a formal severance order or a record made on the agreement to try charges within the indictment separately. We find the issue controlled by *Reynolds* and *Harper.* This view is reinforced by the fact that defendant's rights were not disregarded by the procedure adopted by the parties and the court. Nothing occurred in either trial which prejudiced the defendant's rights in the other. Either party would have been entitled to a severance of record upon timely request. What occurred was a severance in fact and the state and defendant participated in both trials without objection. Finally, the underlying constitutional protection of defendants is intended to prevent a defendant from being placed twice in jeopardy for the same offense and that did not occur.

■ Defendant was denied a request for change of judge for the second trial on October 3, 1983. Defendant does not claim error in refusing a change of judge but

supports his argument that the single indictment was treated by the trial court to include all of the charges and that he was denied a change of judge before the second trial only because he was granted a change of judge before the first trial. There is an apparent inconsistency in denying relief on a claim of double jeopardy where the trial court after the first trial denied a change of judge in the second trial because a change of judge had previously been granted on the indictment but before the first trial. It would appear that defendant was entitled to a separate consideration of judge before the second and independent trial. Although we recognize the inconsistency we do not find that this is sufficient support for defendant's argument of non-waiver of the claim of double jeopardy.

Defendant next contends that he was denied a constitutional right to counsel when the court, on July 13, 1983, ordered defendant to be fingerprinted. The court entered the order at the request of the prosecuting attorney without notice to defendant or counsel for defendant. Defendant was originally charged on October 2, 1982 and was represented by counsel from October 6, 1982 to May 6, 1983 when counsel was permitted to withdraw. At the time of the order for fingerprinting defendant was unrepresented. On July 27, 1983 the court appointed the public defender of St. Louis County to represent the defendant and set the case for trial on August 22, 1983. On August 23, 1983 the public defender withdrew in favor of trial counsel who entered his appearance.

■ Defendant also complains that in the absence of counsel for defendant the state failed to qualify for the fingerprint order under the provisions of Rule 25.06(B). The rule requires that the state may have such evidence "subject to constitutional limitations and any other safeguards deemed appropriate by the court, and upon a showing of good cause." The record fails to disclose any showing of good cause or consideration of limitations and safeguards.

The state answers that the use of the comparison fingerprints taken under the order of court was not objected to by motion to suppress or during the trial of the case and was not preserved in defendant's motion for new trial. The state is correct in this contention and our review of this point is limited to the standard of plain error.

■ The record supports defendant's position that criminal rule 25.06 was not followed. It would have been preferable that the court appoint counsel before considering the motion for fingerprinting. We find, however, that the error did not materially affect the merits of the action and did not affect substantial rights resulting in a manifest injustice or miscarriage of justice. Rule 84.13(c). The perceived need and use of the re-fingerprinting was to accommodate comparison evidence with fingerprints found at the scene of the burglary and stealing. The state was in possession of defendant's fingerprints obtained on previous occasions which could have been used without the necessity of new fingerprints obtained under the court order. Under these circumstances the state obtained no advantage in proceeding at a time when the defendant did not have the benefit of legal counsel. Had counsel made a timely objection by motion to suppress or during trial to the use of the prints obtained it is likely that such objection would have been sustained but no such objection was made. Where prior lawfully obtained prints were available for purposes of comparison the failure to object may have been a tactical decision during trial. Defendant has not demonstrated that the error rose to a level of manifest injustice or miscarriage of justice. *State v. Williams*, 662 S.W.2d 277, 280 (Mo.App.1983). Point denied.

Defendant's final contention is that the evidence was insufficient to support his conviction. He correctly notes that the only evidence connecting him to the crime was a single palm print found on a metal slide which was used to secure or affix a television set to furniture in a motel room. He contends that the state failed to prove

the print was made at the time of the offense and not when defendant could have been legally in the motel room.

The evidence reveals that on May 30, 1982, a hotel inspectress for the Sheraton-Westport Inn discovered a television missing from Room 247. A metal slide upon which the television had been mounted was found on the floor. The palm print was lifted from the metal slide by a crime scene detective. The print was on that part of the metal slide which could not have been touched while the slide was attached to the television set. The lifted print was compared to defendant's fingerprints and found to be defendant's palm print. The Inn's records showed that Room 247 was vacant on May 29 and May 30, 1982. The television set was seen in Room 247 at 10:30 a.m. and was missing at 11:30 a.m. Defendant did not have permission to be in Room 247 at any time on May 30, 1982 and did not have consent to remove the television set belonging to the motel.

Missouri cases conclusively hold that a defendant's fingerprints at the scene of the crime are alone sufficient to make a submissible case. *State v. Hulbert*, 621 S.W.2d 310, 311 (Mo.App.1981); *State v. Clemmons*, 579 S.W.2d 682, 684–685 (Mo. App.1979); and *State v. Parker*, 535 S.W.2d 126, 127 (Mo.App.1976).

■ Defendant's contention that these cases are distinguishable because his palm print was found in a public place accessible to the general public is without merit. The motel room was not a public place on May 30, 1982. The owner had not rented the space to any one including defendant. Further, the metal slide was mounted to the bottom of the television set and the print was situated on the metal slide so that it could not have become affixed except after removal of the television set. Any exception to the sufficiency of fingerprint evidence based upon accessibility to the general public is wholly inapplicable to the facts. In addition, the state offered evidence that had the print been affixed prior to use of the television set the heat from operation

would have dissipated any print placed on the metal slide during installation.

We affirm.

PUDLOWSKI, P.J., and GAERTNER, J., concur.