Charles Arthur HORSEY, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 14700.

Missouri Court of Appeals, Southern District, En Banc.

March 28, 1988.

Dee Wampler, Wampler, Wampler & Catt, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Donna Richards-Crosswhite, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

An information charged movant Charles Arthur Horsey committed six counts of receiving stolen property. A jury found him guilty of each count. In accordance with the verdicts he was sentenced to imprisonment for seven years upon each count. It was adjudged the sentences would run consecutively. The judgment was affirmed upon direct appeal. *State v. Horsey*, 676 S.W.2d 847 (Mo.App.1984).

In this proceeding the movant seeks to set aside that judgment by his motion under Rule 27.26. The motion court denied that motion without a hearing. On appeal from that denial the movant states one point of alleged error. On October 5, 1987, this court adopted an opinion affirming the judgment of the motion court. However, upon the basis that a portion of that opinion was in conflict with *Green v. State*, 721 S.W.2d 197 (Mo.App.1986); *Gilmore v. State*, 710 S.W.2d 355 (Mo.App.1986); and *State ex rel. Westfall v. Campbell*, 637 S.W.2d 94 (Mo.App.1982), the case was certified to the Supreme Court. The case has now been retransferred to this court for reconsideration in the light of *State v. Gardner*, 741 S.W.2d 1 (Mo. banc 1987).

The one point stated in movant's brief is that his motion "alleged grounds which, both substantively and procedurally, would

**750**

properly have warranted relief." By argument he contends he pled a basis for relief in that he was impermissibly placed in double jeopardy and that he was denied the effective assistance of counsel because of animosity between the trial judge and his trial counsel. Trial counsel was not movant's counsel on appeal or in this proceeding.

The standards to determine the adequacy of movant's pleading and consequently the merit of his contentions are well established. Briefly stated, the determinative standards are as follows. The motion must plead facts that establish the asserted basis for relief. *Wade v. State*, 698 S.W.2d 621 (Mo.App.1985). A basis for relief is not stated by the allegation of a conclusion or conclusions. *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975). Those facts must not be refuted by the record. *Davis v. State*, 600 S.W.2d 613 (Mo.App.1980). Or summarized, "A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts*, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts [in the record]." *Smith v. State*, supra, at 411 (emphasis in original). Further, such a motion may not be used to review "mere trial errors." Rule 27.26(b)(3); *Mahaney v. State*, 660 S.W.2d 774 (Mo.App.1983). Nor may it be used to challenge the sufficiency of the evidence. *Ardrey v. State*, 612 S.W.2d 859 (Mo.App.1981); *Achter v. State*, 545 S.W.2d 83 (Mo.App.1976).

■ The allegations in movant's motion concerning double jeopardy are that "[t]he trial court erred in allowing the prosecution of an indictment whereby the State had taken one offense of 'Receiving Stolen Property' and broke [sic] it down into six (6) separate charges in the indictment. The State used the same testimony and evidence to prove each and every count of the indictment." On the surface the allegation might appear to state facts constituting a basis for relief. However, movant does not allege what single offense has been broken into six offenses. He does not allege the

facts constituting the single offense. Nor does he summarize the "same evidence" that he says supported each conviction. Movant's allegations concerning double jeopardy are of conclusions, not facts. His contention founded on double jeopardy could be properly denied on that basis.

Further, the essence of the argumentive portion of the motion is that "[t]he record before this court will show that the prosecution presented evidence of only one (1) crime, i.e., the defendant received stolen property." In that portion he cites *State ex rel. Westfall v. Campbell*, supra, and *State v. Toombs*, 326 Mo. 981, 34 S.W.2d 61 (1930). In his brief he essentially restates that argument and he cites the same cases. In addition he relies upon *Gilmore* and quotes therefrom the following. "We here hold that *a single act of receiving in one transaction* is but one crime, and is not divisible into separate crimes because the stolen property belonged to different owners." Id. at 358 (emphasis added).

The opinion originally adopted by this court held that a similar limitation was not applicable to a single act of retaining stolen property in contravention of § 570.080, which property had been stolen from different owners and received by a defendant at different times. In so holding, this court adopted the following analysis.

■ The issue raised by movant's contention is whether or not the evidence established distinct offenses even though each was a violation of the same statute. The general rule has been stated:

To determine whether a defendant has been subjected to double jeopardy, Missouri courts follow the separate or several offense rule rather than the same transaction rule. *State v. Treadway*, 558 S.W.2d 646, 651 (Mo. banc 1977), cert. denied, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978). Under this rule, 'multiple convictions are permissible if the defendant has in law and in fact committed separate crimes.' Id. *The applicable test, to determine whether several charges are identical, is 'whether each offense necessitates proof of a fact which the other does not.'* State v.

*Charles,* 612 S.W.2d 778, 781 (Mo. banc 1981), cert. denied, 454 U.S. 972, 102 S.Ct. 522, 70 L.Ed.2d 392 (1981).

*State v. Lulkowski,* 721 S.W.2d 35, 37 (Mo. App.1986) (emphasis added). Also see Cook, Constitutional Rights of the Accused, § 23:8 (2d ed. 1986).

However, this stated test in some instances is difficult of application. It assumes identification of a separate offense that requires proof of a fact not required by another offense. This inadequacy is apparent when the conduct of a defendant is continuous or involves more than one item of property or more than one victim.

In such cases an appropriate test is what, under the statute, the legislature "intended to be the allowable unit of prosecution...." *United States v. Marzano,* 537 F.2d 257, 272 (7th Cir.1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 734, 50 L.Ed.2d 749 (1977). Or stated another way,

> once Congress has defined a statutory offense by its prescription of the 'allowable unit of prosecution', ... that prescription determines the scope of protection afforded by a prior conviction or acquittal. Whether a particular course of conduct involves one or more distinct 'offenses' under the statute depends on this congressional choice.

*Sanabria v. United States,* 437 U.S. 54, 69–70, 98 S.Ct. 2170, 2181–2182, 57 L.Ed.2d 43, 57 (1978) (citation omitted).

Under this test the following are examples of conduct held to constitute one allowable unit of prosecution: The simultaneous transportation of two women in interstate commerce for the purpose of prostitution. *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955). The simultaneous transportation of a group of five stolen money orders in interstate commerce.

*Cabbell v. United States,* 636 F.2d 246 (8th Cir.1980). The fraudulent issuance in one transaction of three identical stock certificates. *State v. Toombs,* supra. The following are examples of acts, each of which constitutes an allowable unit of prosecution. Promoting prostitution at two locations at the same time. *State v. Lulkowski,* supra. Consecutive opening of each of seven mailbags. *Ebeling v. Morgan,* 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915). The theft from one vault at one time of money belonging to six different banks. *United States v. Marzano,* supra. The simultaneous possession of a sawed-off gun and a silencer attached to that gun. *United States v. Nichols,* 731 F.2d 545 (8th Cir.1984). The almost simultaneous distribution of two different drugs. *State v. Gordon,* 536 S.W.2d 811 (Mo.App.1976), questioned on another point. The simultaneous possession of heroin and marijuana. *State v. Williams,* 542 S.W.2d 3 (Mo.App. 1976).

The legislature may expressly declare the limits of a unit of prosecution. See § 556.041.[1] When it has not done so, the cases afford little guidance in determining the intent of the legislature. In absence of an indication of a contrary intent, a construction of leniency has been favored. *Bell v. United States,* supra. On the other hand, an expressed or obvious intent to establish substantial punishment for an offense favors a construction that punishes each act in contravention of the statute. *Gore v. United States,* 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). The language of the statute may indirectly establish the intent of the legislature. For example, "Sec. 195.020 makes it unlawful for 'any person ... to ... possess ... *any* controlled or counterfeit substance ....' (Emphasis supplied). The use of the word

---

1. The Oregon Code of Criminal Procedure includes the following:

    As used in ORS 131.505 to 131.525 [former jeopardy], unless the context requires otherwise:

    ....

    (2) When the same conduct or criminal episode, violates two or more statutory provisions, each such violation constitutes a separate and distinct offense.

    (3) When the same conduct or criminal episode, though violating only one statutory provision, results in death, injury, loss or other consequences of two or more victims, and the result is an element of the offense defined, there are as many offenses as there are victims.

    *State v. Gilbert,* 281 Or. 101, 574 P.2d 313, 317 (banc 1978).

'any' indicates that each separate substance possessed is an unlawful act." *State v. Williams,* supra, at 5. An element of obvious importance is what is considered the gravamen of the offense.

While not often expressed in such language, a unit of prosecution is declared by the single larceny rule. "The overwhelming majority of jurisdictions follow generally the so-called 'single larceny doctrine'; that is, that the taking of property belonging to different owners at the same time and place constitutes but one larceny." Annot., Theft—Different Owners, 37 A.L. R.3d 1407, 1409 (1971). The rule is generally said to be based upon the fact the gist of the offense is the taking rather than the ownership of the property. Id. at 1410. On the other hand, a single act violating a statute defining a crime against the person may result in as many offenses as there are victims. *State v. Mills,* 671 S.W.2d 437 (Mo.App.1984).

■ The title of § 570.080 is "Receiving stolen property." Section 570.080.1 provides, "A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he receives, retains or disposes of property of another knowing that it has been stolen, or believing it has been stolen." " 'Receiving' means acquiring possession, control or title or lending on the security of the property; ...." § 570.010(11). "Receiving stolen property is a class A misdemeanor unless the property involved has a value of one hundred fifty dollars or more, or the person receiving the property is a dealer in goods of the type in question, in which case receiving stolen property is a class C felony." § 570.080.3.

The Model Penal Code consolidates theft offenses. "Conduct denominated theft in this Article constitutes a single offense." Model Penal Code § 223.1(1). Among the definitions of theft in that code are the following:

A person is guilty of theft if he purposely receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that

it has probably been stolen, unless the property is received, retained, or disposed with purpose to restore it to the owner. 'Receiving' means acquiring possession, control or title, or lending on the security of the property.

Model Penal Code § 223.6(1).

Section 570.080 is drawn from the Model Penal Code. However, the Criminal Code does not contain a provision expressly consolidating the theft offenses. The Criminal Code does contain the following relevant provisions.

Aggregation of amounts involved in stealing.—Amounts stolen pursuant to one scheme or course of conduct, whether from the same or several owners and whether at the same or different times, constitute a single criminal episode and may be aggregated in determining the grade of the offense.

§ 570.050.

Limitation on conviction for multiple offenses.—When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if

(1) One offense is included in the other, as defined in section 556.046; or

(2) Inconsistent findings of fact are required to establish the commission of the offenses; or

(3) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

(4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

§ 556.041.

We think the legislative intent in § 570.080 was to create *the single crime* of receiving stolen property *which may be committed by the doing of any one of the several prohibited acts;* receiving,

retaining or disposing of property knowing or believing it to be stolen. The addition of the words, 'retains' and 'disposes' to the statute is consistent with this legislative intent to punish the receiving of stolen property because an accused cannot retain or dispose of stolen property without first receiving it. *State ex rel. Westfall v. Campbell*, supra, 637 S.W.2d at 97–98 (emphasis added). This statement does not mean an offense under the statute must be based upon the act of receiving, in the sense of taking into one's possession. For example, a person does not commit an offense, if when he accepts possession of property he does not know or believe it was stolen. But he does commit an offense if he has such knowledge or belief when he disposes of that property for the purpose of depriving the owner of the same. The quoted statement does not establish the allowable unit of prosecution in respect to each of those methods of committing that offense.

By analogy to the single larceny rule, the receipt at the same time of items of property stolen at one time from different people has been held to constitute one offense under § 570.080. *State ex rel. Westfall v. Campbell*, supra. Such an analogy does not necessarily extend to the receipt at the same time of property stolen at *different* times from different owners. However, it is held that such receipt constitutes one separate offense. *Gilmore v. State*, supra. Also see *Nelson v. State*, 628 P.2d 884 (Alaska 1981); *Hardin v. State*, 141 Ga. App. 115, 232 S.E.2d 631 (1977); *State v. Sanders*, 59 Ohio App.2d 187, 392 N.E.2d 1297 (1978); *State v. Clark*, 9 Or.App. 530, 497 P.2d 1210 (1972); *State v. Goins*, 705 S.W.2d 648 (Tenn.1986). Cf. *State v. Taylor*, 346 S.E.2d 822 (W.Va.1986).

Even accepting that holding, the cited decisions do not establish that retaining at the same time multiple items of stolen property constitutes one offense regardless of the source and time of receipt of such items. As stated, it is generally held that each receipt at a different time of stolen property is a separate offense. *State v. Kuhnley*, 74 Ariz. 10, 242 P.2d 843 (1952); *State v. Miller*, 11 Or.App. 398, 501 P.2d 1309 (1972). Also as noted, the legislature has not expressly delineated an allowable unit of prosecution for an offense committed by retaining stolen property in violation of § 570.080. It is significant that such an offense is defined by the word "retaining." That word bears an obvious relationship to "received." The Comments to the 1973 Proposed Criminal Code establish that by adopting § 570.080 it was the intent of the legislature to deter thefts by the punishment of "fences." To hold that retention of multiple items of stolen property, irrespective of their source and the time of receipt of those items, constitutes only one offense does not comport with that purpose. The legislature prescribed a unit of prosecution for continuous conduct, § 556.041(4), and an aggregation provision in respect to stealing. § 570.050. The fact it did not establish a similar aggregation in regard to retention of stolen goods is significant. As stated, it is generally established that each receipt of stolen goods at one time is a unit of prosecution, or a separate offense. It would be an anomaly to hold that a fence could commit six crimes by receiving stolen property on six occasions, but by "retaining" that stolen property would be guilty of only one offense. Accepting the proposition that, irrespective of their source, receiving items of stolen property at the same time is one offense, this court holds that retaining stolen property received at one time constitutes a unit of prosecution, a separate offense. *United States v. Mullins*, 698 F.2d 686 (4th Cir.1983); *State v. Hall*, 298 S.E. 2d 246 (W.Va.1982). Cf. *State v. Major*, 111 Idaho 410, 725 P.2d 115 (1986); *State v. Goins*, supra; *State v. Bair*, 671 P.2d 203 (Utah 1983). Contra *State v. Post*, 286 N.W.2d 195 (Iowa 1979); *State v. Bell*, 90 N.M. 160, 560 P.2d 951 (1977); *State v. Reisig*, 128 Ariz. 60, 623 P.2d 849 (1980). This opinion should not be construed as determining a unit of prosecution for the offense committed by disposing of stolen property. That offense involves different considerations. Cf. *Sanchez v. State*, 97 N.M. 445, 640 P.2d 1325 (1982).

In *State v. Gardner*, supra, the defendant was convicted upon twenty-one counts each charging that on the same day he committed the offense of receiving stolen property by retaining a different item of stolen property. On direct appeal, the defendant contended his convictions on twenty of those counts violated his freedom from double jeopardy. He asserted the state proved only one act of receiving stolen property by keeping it on the same day or at the same time. The Supreme Court summarized its rejection of the defendant's contention as follows:

> In this case, defendant had property from twenty-one different owners that was received from at least one source at different times, all of which was confiscated by the police on one date. The evidence introduced at trial was proof that there was not one transaction, as in *Gilmore*, but at least twenty-one different occasions where defendant *received and retained stolen* property.

*Gardner*, at 5 (emphasis added). It concluded that "[t]o the extent this opinion conflicts with *Gilmore* and *Green*, those cases are no longer to be followed under the facts of this case on the double jeopardy issue." *Gardner*, at 6.

■ Each count against the movant alleged he retained a distinct item of personal property. The instruction upon each count submitted a finding to that effect. The movant has alleged nothing to establish that the he did not acquire possession of each item at a different time. State v. Gardner, supra, causes it to be abundantly clear the movant did not plead facts that established he was deprived of his freedom from double jeopardy.

■ There is yet another reason the movant's allegation of double jeopardy did not call for an evidentiary hearing.

Constitutional immunity from double jeopardy is a personal right which if not affirmatively pleaded by the defendant at the time of trial will be regarded as waived. ... This waiver may be an expressed, voluntary relinquishment of the right by plea of guilty; ... or deemed impliedly waived where, as here, the petitioner pleaded not guilty and proceeded to trial, verdict, and judgment without raising the defense until his post-trial motions.

*Ferina v. United States*, 340 F.2d 837, 838–839 (8th Cir.1965) (citations omitted). While there was authority to the contrary, this doctrine is of long standing and generally recognized. *United States v. Conley*, 503 F.2d 520 (8th Cir.1974); *Harris v. United States*, 237 F.2d 274 (8th Cir.1956); *State v. Paglino*, 319 S.W.2d 613 (Mo. 1958); *State v. Harper*, 353 Mo. 821, 184 S.W.2d 601 (1945); *State v. Reynolds*, 345 Mo. 79, 131 S.W.2d 552 (1939). Cases are collected in *United States ex rel. Di Giangiemo v. Regan*, 528 F.2d 1262 (2d Cir.1975), cert. denied, 426 U.S. 950, 96 S.Ct. 3172, 49 L.Ed.2d 1187 (1976).

Some doubt concerning the extent of the doctrine was cast by *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). In that case a defendant had been convicted of contempt for refusal to answer questions before a grand jury. He served his sentence. He was then indicted for refusal to answer questions before the grand jury. His motion to dismiss on the basis of double jeopardy was denied. He then pleaded guilty but appealed on the basis of double jeopardy. The state appellate court held the defendant had waived the defense of double jeopardy. *Menna* held that under those circumstances the plea of guilty did not constitute such a waiver. This decision was foreshadowed by *State v. Cody*, 525 S.W.2d 333 (Mo. banc 1975). In that case a defendant had raised the issue of double jeopardy by a motion to consolidate two counts in that under the single larceny rule they charged the same crime. His motion was denied. He pleaded guilty to both counts and appealed. His plea of guilty on one count was set aside.

Language in those cases has been seized upon to say that a claim of double jeopardy can never be waived. On this basis pleas of guilty have been set aside even though a claim of double jeopardy was not asserted before the appeal. *United States v. Baugh*, 787 F.2d 1131 (7th Cir.1986); *Burgess v. Griffin*, 585 F.Supp. 1564 (W.D.N.C.

1984); *White v. State*, 694 S.W.2d 825 (Mo. App.1985); *Harris v. State*, 577 S.W.2d 140 (Mo.App.1979). No case has been found relying upon *Menna* to hold the failure of a defendant to assert a claim of double jeopardy before a trial upon the merits does not constitute such a waiver. The distinction is discussed in *State v. Hill*, 693 S.W.2d 151 (Mo.App.1985) and *Harris v. State*, supra. The subject is discussed in terms of "deliberate bypass" in *Weir v. State*, 589 S.W.2d 256 (Mo. banc 1979).

The court in *Menna* limited the authority of that case by saying: "We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute." *Menna*, 423 U.S. at 63, 96 S.Ct. at 242, 46 L.Ed.2d at 198. In *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), rehearing denied, 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 164 (1977), a defendant opposed the government's motion to consolidate two pending indictments for offenses that were found to be a greater and a lesser included offense. "[F]our Members of the Court found that he had 'elect[ed] to have the two offenses tried separately,' id., at 152, 53 L Ed 2d 168, 97 SCt 2207, and, by not raising the potential double jeopardy problem, had *waived any objection* on that ground to successive trials ...." *Sanabria v. United States*, supra, 437 U.S. at 76, 98 S.Ct. at 2185, 57 L.Ed.2d at 61 (emphasis added).

In *Menna* the defendant unsuccessfully asserted a claim of double jeopardy before entering his plea. *Menna* has been distinguished on that basis. "There are manifest differences between *Menna* and the present case. Menna pleaded guilty only after unsuccessfully raising the plea of autrefois convict." *United States v. Pratt*, 657 F.2d 218, 220 (8th Cir.1981). The doctrine of waiver has, after *Menna*, been applied where a claim of double jeopardy has not been asserted before a trial, *Paul v. Henderson*, 698 F.2d 589 (2nd Cir.1983), cert. denied, 464 U.S. 835, 104 S.Ct. 120, 78 L.Ed.2d 118 (1983); *State v. Hill*, supra, or before a plea of guilty. *United States v.*

*Pratt*, supra; *United States v. Herzog*, 644 F.2d 713 (8th Cir.1981), cert. denied, 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981); *Brown v. State of Maryland*, 618 F.2d 1057 (4th Cir.1980), cert. denied, 449 U.S. 878, 101 S.Ct. 224, 66 L.Ed.2d 100 (1980); *United States v. Perez*, 565 F.2d 1227 (2nd Cir.1977). A claim of double jeopardy has been held to come within the pleading requirements of Rule 12(b)(2), Fed.R.Crim.P.; *United States v. Herzog*, supra. Cf. Mo. Rules of Criminal Procedure 24.04(b)(2) which is virtually identical to Rule 12(b)(2).

Following a critical analysis of the cases and principles involved, a rule applicable to guilty pleas has been stated.

A defendant who has been convicted on a plea of guilty *and who has complied with pre-plea procedural rules regarding notice of constitutional claims* may challenge his conviction on any constitutional ground that, if asserted before trial, would forever preclude the state from obtaining a valid conviction against him *on the charge to which he pleaded*, regardless of how much the state might endeavor to correct the defect.

Saltzburg, Pleas of Guilty, 76 Mich.L.Rev. 1265, 1285–1286 (1978) (emphasis in original). Implicit in that rule is recognition that by failing to assert a claim of double jeopardy before trial a defendant waives that claim. This court believes that doctrine is yet applicable. Cf. *Griffin v. State*, 684 S.W.2d 425 (Mo.App.1984); *Benson v. State*, 611 S.W.2d 538 (Mo.App. 1980).

■ The movant did not plead he asserted a claim of double jeopardy before trial. The record establishes that he did not. Further, before trial movant filed a motion to sever the counts against him. He alleged:

2. That upon the face of the Felony Complaint, eleven distinct felonies are charged, which number of felonies charged by themselves warrant a severance in order to avoid abuse of discretion and clear prejudice to the Defendant.

3. That the felonies charged herein are not provable from the same evidence.

....

11. It appears that there will be no common factual issues in any of the Counts as charged.

The actions of the movant are in contravention of the contemporaneous objection rule. Cook, Constitutional Rights of the Accused, § 24:34 (1986). The "deliberate bypass" rule need not be considered. Id. at § 24.33. The record establishes the movant may not in this proceeding assert a claim of double jeopardy.

■ The movant's allegation concerning the ineffectiveness of his trial counsel is as follows. "The defendant was denied the effective assistance of legal counsel at the time of trial as he was unaware of personal animosity that existed between his trial counsel at the time of trial and the trial judge." The test for determining the effectiveness of counsel has been succinctly stated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The instant motion does not pass that test. It in no way pleads facts to establish his trial counsel was deficient.

■ Further, movant is not aided by considering the prolix argumentative portion of the motion pertaining to that allegation. In such portion he cites adverse decisions by the trial judge in pretrial proceedings and during trial, including issues decided against him on direct appeal. He at length argues the sufficiency of the evidence. A motion under Rule 27.26 does not call for relief by arguing issues decided on direct appeal, *Lassen v. State,* 717 S.W.2d 538 (Mo.App.1986), or by asserting trial errors. Cf. *Joiner v. State,* 621 S.W.2d 336 (Mo. App.1981). The movant may not under the cover of a conclusory allegation of animosity gain a hearing on such argumentative assertions.

The movant's intimation from that allegation that he was denied a fair trial by the distinguished trial judge is totally unsupported by any allegation of fact. That intimation is not worthy of further consideration. A conclusory allegation of bias and prejudice states no basis for relief.

*Haynes v. State,* 661 S.W.2d 76 (Mo.App. 1983). Neither does a conclusion of animosity.

For the reasons stated, the instant motion did not state facts constituting a basis for relief. The motion court properly denied the motion without a hearing. The judgment is affirmed.

HOGAN, J., concurs and files concurring opinion.

FLANIGAN, PREWITT and HOLSTEIN, JJ., concur.

GREENE, J., concurs in result and files opinion.

CROW, C.J., recused.

HOGAN, Judge, concurring.

I concur on the ground that the defendant's claim of double jeopardy has been waived. I am convinced that the law applicable to this case, and dispositive of the appeal on its merits, is that a criminal defendant must assert a claim of double jeopardy by motion prior to trial or waive that defense. *United States v. Bascaro,* 742 F.2d 1335, 1365[50] (11th Cir.1984), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3476, 87 L.Ed.2d 613 (1985). I realize the defendant could not have pled autrefois convict in the usual manner, but he could have challenged the information before trial and his failure to do so, in my view, amounted to a waiver. *See United States v. Romano,* 736 F.2d 1432, 1441–42[13] (11th Cir.1984), *vacated as moot,* 755 F.2d 1401 (11th Cir. 1985). With deference, I see no reason to struggle with a confounding legal question which is not in this case.

GREENE, Judge, concurring in result.

In regard to the double jeopardy issue, affirmance in this case is mandated by *State v. Gardner,* 741 S.W.2d 1 (Mo. banc 1987). I do not agree with the reasoning or holding of *Gardner,* but we are bound to follow it, as it is our duty to follow the last controlling decision of the Supreme Court of Missouri. *Farmers and Merchants Ins.*

 

*Co. v. Cologna,* 736 S.W.2d 559, 570 (Mo. App.1987).

However, the principal opinion goes beyond *Gardner,* and seems to indicate that a different test for determining if double jeopardy exists should be used, when the alleged crime is retaining stolen property, than would be used if the alleged crime is receiving stolen property. I do not believe this to be the law, and find nothing in *Gardner* to indicate that it is.

Further, since Horsey did not properly preserve his double jeopardy issue, which the first three pages of the principal opinion indicate is the case, the remainder of the opinion concerning double jeopardy is superfluous.

I concur in result.