811 F.2d 1506
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Lee PARKER, Defendant-Appellant.
 No. 86-6702.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 25, 1986.
Decided Jan. 23, 1987.
 
 Before WIDENER, HALL and ERVIN, Circuit Judges.
 Raymond Lee Parker, appellant pro se.
 Charles Robinson Brewer, Office of the United States Attorney, for appellee.
 PER CURIAM:
 
 
 1
 Raymond Parker pled guilty to breaking and entering a building with intent to commit a larceny therein, 18 U.S.C. Sec. 13, and to breaking and entering into 30 cars with the intent to commit larcenies therein. He now challenges his guilty plea pursuant to 28 U.S.C. Sec. 2255. Parker alleges:
 
 
 2
 (1) that his guilty plea was not voluntarily, knowingly and intelligently entered;
 
 
 3
 (2) that the court conducted a "trial" and denied Parker the right to present a defense and to present witnesses;
 
 
 4
 (3) that his counsel was ineffective; and
 
 
 5
 (4) that he was sentenced in violation of Rule 32 of the Federal Rules of Criminal Procedure because no presentence report was made.
 
 
 6
 Parker alleges that his attorney and the judge misrepresented his potential sentence in order to force him to plead guilty. Each count of breaking and entering carries a maximum five-year sentence. Parker states that he was only subject to a maximum ten-year sentence for two counts of breaking and entering, since one count of the information lumped together 29 incidents of breaking and entering into cars.
 
 
 7
 Count two of the information, charging that Parker broke into and entered 29 cars, is duplicitous. In one count, he is charged with 29 separate crimes requiring proof of separate facts, even though some elements, such as presence in the area, overlap all charges. However, it is unclear what prejudice resulted from this error. All charges could have been joined in 29 counts of one information. Fed.R.Crim.P. 8(a). The information could have been amended up to the entry of the verdict. Fed.R.Crim.P. 7(e). Plus, a number of cases raising the issue of duplicity focus on the confusion where a jury might find a defendant guilty of any one charge without designating which one they focused on. That problem is obviated since Parker entered a guilty plea. Brown v. Maryland, 618 F.2d 1057, 1059 (4th Cir.), cert. denied, 449 U.S. 878 (1980). Cf. Menna v. New York, 423 U.S. 61, 63 (1975) (guilty plea does not automatically waive double jeopardy claim).
 
 
 8
 Parker also submits the affidavits of family members stating that his attorney advised that he would not be incarcerated for more than 16 months. He thus asserts that such erroneous information rises to the level of ineffective assistance of counsel. Strader v. Garrison, 611 F.2d 61 (4th Cir.1979); O'Tuel v. Osborne, 706 F.2d 498 (4th Cir.1983); cf. Little v. Allsbrook, 731 F.2d 238 (4th Cir.1984) (attorney's erroneous prediction of possible sentence not ineffective assistance). Parker does not, however, allege that he would not have pled guilty if he had known the correct parole eligibility date. Hill v. Lockhart, --- U.S. ----, 54 U.S.L.W. 4006 (Nov. 18, 1985). Nor does he argue that he suffered prejudice from pleading guilty. In any event, Parker's sentence was even less than recommended in the plea agreement.
 
 
 9
 Furthermore, Parker stated at the sentencing hearing that no promises had been made and that he was satisfied with his representation. This Court has previously stated that, absent clear contrary evidence, a defendant is bound by his responses at the sentencing hearing. Little v. Allsbrook, supra at 239-240. Parker provides no contrary evidence sufficient to contradict his earlier testimony.
 
 
 10
 We find no error in the district court's judgment dismissing Parker's claim of ineffective counsel. On Parker's remaining claims, we affirm on the reasoning below. United States v. Parker, C/A No. 86-126-A-C; Cr. Nos. 82-106-B-CR; 83-79-A (W.D.N.C., July 23, 1986). Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 11
 AFFIRMED.