**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Ronald FOLTZ, Defendant-Appellant.**

No. 12448.

Missouri Court of Appeals,
Southern District,
Division Two.

May 20, 1982.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied
June 2, 1982.

Application to Transfer Denied
July 12, 1982.

John D. Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Loren R. Honecker, Springfield, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant was convicted of the sale of a controlled substance and sentenced to seven years imprisonment. In his points relied on he contends the trial court erred in four particulars: (1) in giving a verdict directing instruction that failed to require a sufficient finding that defendant was not entrapped; (2) in denying his pretrial motion to depose a "confidential informant" at the state expense; (3) in overruling his motion for continuance made on the date of trial; and (4) in giving an entrapment instruction which included facts not supported by the evidence.

We first consider point one. The instruction complained of stated in part:

"If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about January 6, 1981, in the County of Greene, State of Missouri, the defendant Ronald Foltz and another sold to T. L. Trullinger amphetamine, and

Second, that the defendant Ronald Foltz and another were aware of the character of the substance and knew that they sold it, and

Third, that he was not entrapped into doing so, as submitted in Instruction No. __9__,

then you are instructed that the offense of selling amphetamine was committed . . . ."

Defendant contends that this instruction failed to require a finding that he was not entrapped because of the "ambiguity of the pronoun 'he' ". Defendant contends that "he" could have referred to the

defendant or to "another" and the jury could have convicted defendant based upon a finding that the other person was not entrapped. We review the instructions together to determine if there is prejudicial error in the submission of a particular instruction. *State v. Harris*, 602 S.W.2d 840, 847 (Mo.App.1980). Instruction 9 was the "entrapment" instruction provided in MAI–CR2d 3.28, which states "One of the issues in this case is whether the defendant was entrapped into the conduct submitted...." If there was any ambiguity in the verdict directing instruction, Instruction 9 makes it clear that it was the possible entrapment of defendant that was in question. Point one is denied.

In point two defendant asserts that the trial court erred in its ruling on the proposed deposition because it denied defendant his constitutional rights to equal protection and due process of law in that he was denied a basic tool of an adequate defense solely on account of his poverty. Defendant maintains in point three that the court erred in overruling his motion for a continuance because it denied him an opportunity to investigate the testimony of the informant who was made available to defendant only on the morning of trial. We consider these points together.

More than two months before trial the defendant filed a motion requesting the court to order the state to produce the informant, whose name was known to defendant, for the purpose of taking his deposition and for an order requiring the state to pay the expenses of the deposition. A hearing was held on the motion a week later. The trial court denied it but ordered the state to produce the informant "at a time to be agreed on by the parties." Approximately a month before the trial, defense counsel was notified, "maybe a day or two in advance", that the informant would be in town and available, but counsel did not talk to him, apparently because the defendant could not be present at that time. After the court's ruling on the motion, no further request of the court was made regarding the witness until a continuance was asked for on the morning of trial. Counsel

for defendant did talk to the informant the morning of trial.

■ Defendant has not shown how taking the informant's deposition or talking to him earlier would have affected his cross-examination or impeachment or the trial in any respect. As no prejudice to the defendant is shown, we deny point two. See *State v. Brown*, 599 S.W.2d 498, 505–506 (Mo. banc 1980), cert. denied, 449 U.S. 985, 101 S.Ct. 402, 66 L.Ed.2d 247 (1980).

■ The granting or denying of a request for continuance is within the broad discretion of the trial court. *State v. Stout*, 604 S.W.2d 710, 715 (Mo.App.1980). As no prejudice to defendant has been shown there is no abuse of discretion. Point three is denied.

■ For his fourth point defendant contends that the entrapment instruction erroneously referred to a law enforcement officer and both a law enforcement officer and a person acting in cooperation with the law enforcement officer when there was no evidence of entrapment under either of those possibilities.

The parts of the instruction complained of state:

"1. A person is 'entrapped' into conduct if a law enforcement officer or a person acting in cooperation with a law enforcement officer, or both a law enforcement officer and a person acting in cooperation with a law enforcement officer, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages or otherwise induces another person to engage in conduct when he is not ready and willing to engage in such conduct.

\*　　\*　　\*　　\*　　\*　　\*

3. However, if you find and believe from the evidence beyond a reasonable doubt that the defendant was ready and willing to engage in the conduct submitted in Instruction No. __6__ or Instruction No. __7__ and did so, and that a law enforcement officer or a person acting in cooperation with a law enforcement officer, or both a law enforcement officer and a person acting in cooperation with a law enforcement officer merely

provided the defendant with the opportunity to engage in the conduct, then you are instructed that the defendant was not entrapped into such conduct."

Defendant contends that he was prejudiced because there was no evidence that defendant had been entrapped by a law enforcement officer, "but, more seriously, the instruction invited a jury to find that entrapment required the participation" of both the officer and the informant. Even if there was no evidence that the defendant was entrapped by a law enforcement officer, defendant was not prejudiced as the included language could not have harmed defendant and might have been beneficial to him. Nor do we see how the jury could have been under the impression that both were required. The language of the instruction seems clear that if either or both entrapped defendant, then he was entitled to be found not guilty. Point four is denied.

The judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.