STATE of Missouri, Plaintiff-Respondent,

v.

Warren LETT, Defendant-Appellant.

No. 12264.

Missouri Court of Appeals, Southern District, Division Two.

June 3, 1982.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied June 25, 1982.

Application to Transfer Denied Sept. 13, 1982.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David Robards, Joplin, for defendant-appellant.

PREWITT, Presiding Judge.

A jury found defendant guilty of burglary in the second degree and of felonious stealing and assessed the defendant's punishment as five years on each charge. The trial judge found that defendant was a persistent offender and sentenced him to fifteen years imprisonment on each charge with the sentences to run concurrently.

■ In his first point defendant contends that the trial court erred in sentencing him as a persistent offender because in the information the state pled that defendant had been "found guilty" of one of the two prior offenses referred to rather than "convicted". Section 558.016.2 [1] provides that a persistent offender "is one who has been previously convicted of two felonies committed at different times and not related to the instant crime as a single criminal episode." The wording of this section was in effect at the time of the crime charged, the trial and sentencing.[2] Defendant asserts that as a person found guilty is not convicted until sentenced, see *State v. Crate*, 493 S.W.2d 1,

2–3 (Mo.App.1973), that there were not allegations of two prior convictions and the information was thus insufficient for defendant to be sentenced to an extended term. The allegations in question state:

"Defendant is a persistent offender, punishable by sentence to an extended term of imprisonment under section 558.016 RSMo in that he has been previously convicted of two felonies committed at different times and not related to the instant crime as a single episode, said previous convictions being as follows

1. On October 7, 1977 defendant was convicted of the felony of possessing a controlled substance listed in Schedule IV to wit: Tranxene, in the Circuit Court of Jasper County, Missouri.

2. On October 7, 1977 defendant was found guilty of Burglary in the Second Degree in the Circuit Court of Jasper County, Missouri."

Because the opening paragraph states that defendant had been previously convicted of two felonies and then sets them forth, we believe these allegations were sufficient to allege that he had been convicted of the two felonies required by § 558.016.2. Point one is denied.

■ In his second point defendant contends that the persistent offender allegations in the information above quoted were insufficient because they were not pled as a part of the counts of burglary and stealing but were on an attached sheet and only referred to after the second count by the notation "(SEE PAGE 2)". Defendant contends that as neither of the counts contain a persistent offender allegation and as the reference to it was not sufficient, his sentence cannot be extended. The form and the manner of reference could have been improved upon, however, we think it clear what was intended; and if there was any doubt in defendant's or his counsel's mind regarding these allegations, they could have

1. All references to statutes are to RSMo 1978.

2. Section 558.016.3, RSMo Supp.1981, refers to a persistent offender as "one who has pleaded

guilty to or has been found guilty of two or more felonies committed at different times."

sought clarification prior to appeal. Point two is denied.

Defendant's third point is that the trial court erred in failing to grant his motion for the appointment of a court reporter to take the depositions of the state witnesses, thus depriving him of his rights to discovery and depriving him of his constitutional rights of due process and equal protection. As he has not shown that he was substantially prejudiced due to the denial of this motion, this point has no merit. *State v. Foltz*, 634 S.W.2d 558 (Mo.App. Southern District 1982). See also *State v. Brown*, 599 S.W.2d 498, 505–506 (Mo.banc 1980), cert. denied, 449 U.S. 985, 101 S.Ct. 402, 66 L.Ed.2d 247 (1980).

The judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.