**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Jacqueline L. ALEXANDER,
Defendant-Appellant.**

**No. 47579.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 8, 1984.

Harold G. Johnson, St. Ann, for defendant-appellant.

Keith Scott Larner, Asst. Prosecuting Atty., Clayton, for plaintiff-respondent.

KAROHL, Judge.

Defendant-appellant Jacqueline L. Alexander appeals conviction in a court-tried case of driving while intoxicated (DWI), § 577.010 RSMo Supp.1982. Defendant was assessed a fine of $250.00. The case was heard de novo on appeal from an associate circuit court judgment. Companion cases were not appealed.

We affirm.

Defendant contends on appeal that the trial court erred in: (1) overruling defendant's motion for a continuance to allow a witness to appear and testify because such testimony was material to her defense; and, (2) overruling defendant's motion to dismiss the charge because the prosecuting attorney failed to sign the information.

Defendant's first point on appeal alleges the trial court erred in refusing to grant a continuance because a witness who could testify on defendant's consumption of alcohol did not appear for trial. The witness had agreed to appear but was not served with a subpoena. The defense made an offer of proof that the witness, a bartender, would have testified that defendant ordered only three, five-ounce glasses of white wine; that she only drank two and part of the third; and, that she drank water the hour prior to leaving the restaurant.

An application for a continuance because of absent witnesses is addressed to the sound discretion of the trial court whose ruling will not be disturbed on appeal unless an abuse of discretion is clearly shown. *State v. Oliver*, 572 S.W.2d 440, 445–446 (Mo. banc 1978).

Defendant testified that she had visited a friend for approximately one hour after she left the restaurant and before her arrest. The testimony of the missing witness would have corroborated defendant's testimony of the number of drinks consumed in the restaurant but the remoteness in time mitigates against the value of proof of the ultimate fact. The friend with whom defendant spent one hour after leaving the restaurant did not testify. Defendant admitted drinking some alcoholic beverage at the friend's house. We conclude that the testimony of the bartender would not have been decisive of the defendant's state of intoxication at the time she was arrested. The testimony of the friend would appear to be more important but the availability of that testimony was not an issue in the trial court. Defendant has failed to show she was prejudiced by the absence of her witness as required by *State v. Foltz*, 634 S.W.2d 558, 560 (Mo. App.1982). There was no abuse of discretion.

Defendant's second point on appeal contends that the information is insufficient in that it fails to show upon its face that it was signed by the prosecuting attorney. The signature is required by § 545.-240 RSMo 1978 and Rule 23.01 VAMR. We have reviewed a copy of the information and find "scratch" marks in the space provided for the prosecuting attorney's signature. Defendant's contention is not sup-

ported by the record. *State v. Martin*, 395 S.W.2d 97, 100 (Mo.1965).

Affirmed.

REINHARD, C.J., and CRANDALL, J., concur.