**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Sammy Curtis BARNARD,
Defendant-Appellant.**

No. 13387.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 27, 1984.

David Robards, Joplin, for defendant-appellant.

John Ashcroft, Atty. Gen., Mark S. Siedlik, John M. Morris, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

The trial court, sitting without a jury, found defendant guilty of burglary in the second degree and stealing and also found him to be a persistent offender. (§ 558.-016, par. 3).[1] The court imposed consecutive sentences of ten years' imprisonment for the burglary and five years' imprisonment for stealing. Defendant appeals.

Defendant's first point is that the trial court erred in overruling his motion to dismiss for failure to bring defendant to trial within the time prescribed by § 217.490, the Agreement on Detainers, and specifically the 180-day period prescribed by Article III, par. 1 thereof.

In the fall of 1982 and in the early months of 1983 defendant was a prisoner in the state of Oklahoma. The trial took place on July 6, 1983. The trial court held an evidentiary hearing on the motion on the day of the trial. The motion alleged that the 180-day period prescribed by the statute commenced to run on November 24, 1982, when, in the language of the motion, defendant "requested immediate disposition."

---

1. Unless otherwise indicated all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

The Agreement on Detainers deals with the disposition of Missouri charges pending against a prisoner held in a penal institution of another "state" as that term is defined in Article II, par. 1. Oklahoma is such a state. Article III contains procedure whereby the prisoner himself may request a final disposition of the Missouri charges. Article IV contains procedure whereby Missouri officials, including the prosecutor, may seek disposition of Missouri charges by requesting the state in which the prisoner is incarcerated to make him available for trial in Missouri. Article IV, par. 3, provides, with an exception not applicable here, that the trial shall be commenced within 120 days of the arrival of the prisoner in Missouri. The prosecutor invoked Article IV, the defendant was delivered to Missouri on March 25, 1983, and defendant, understandably, does not claim that the 120-day period of Article IV was not met.

Article III, par. 1, provides that the prisoner shall be brought to trial "within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of prosecuting officer's jurisdiction *written* notice of the place of his confinement and his request for a final disposition to be made of the ... information...." (Emphasis added.) Article III, par. 2, as applicable here, provides that the prisoner's "written notice and request" shall be given or sent by the prisoner to the warden or other director of the Oklahoma prison who shall promptly forward it, together with other documents, to the Missouri court and prosecutor.

At the hearing on the motion documents were introduced showing the prosecutor's compliance with Article IV. Defendant introduced a document dated December 16, 1982, signed by the defendant as having been received by him on that date. This document was "Agreement on Detainers: Form I—Notice of Untried Indictment, Information or Complaint and Right to Request Disposition."

In support of his motion defendant testified that on November 24, 1982, he "went in front of a committee board" at the Oklahoma prison and "asked at that time that disposition be made of these detainers, that I would like to get them taken care of." As this court understands defendant's position, it is that his verbal request of November 24, 1982, coupled with his acknowledgment of receipt of Form I on December 16, constituted a sufficient compliance with the requirement of Article III, par. 1, with respect to delivering to the Missouri prosecutor and the Missouri court "written notice of the place of his confinement and his request for a final disposition."

Defendant's argument seems to be that any noncompliance with Article III was the fault of the Oklahoma "committee board" in not honoring his verbal request and was the fault of the Oklahoma prison authorities in not forwarding to the Missouri prosecutor and to the Missouri court the copies of Form I which he signed.

■ Form I informed the defendant of his rights under the Agreement on Detainers. The mere fact that the defendant acknowledged receipt of Form I, and gave copies of it to the Oklahoma authorities (who did in fact forward them to Missouri), does not show that by that conduct defendant was giving a "written notice and request" to invoke Article III. There is no language on Form I that would lead defendant to believe that merely acknowledging receipt of it constituted the making of such a "written notice and request."

■ The 180-day period prescribed by Article III does not begin to run until the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction have received the prisoner's written notice and request. *State ex rel. Hammett v. McKenzie*, 596 S.W.2d 53, 56[2] (Mo.App. 1980). "The [Agreement on Detainers] is not self-executing and to invoke the limitations contained therein, the prisoner must comply with the statutory provisions." *State v. Soloway*, 603 S.W.2d 688, 690[2] (Mo.App.1980).

■ Defendant's effort to attach legal significance to the alleged happenings of

November 24 is based on the invalid assumption that the trial court had to believe his testimony. The trial court's ruling on the motion may be explained and upheld on the basis that he did not believe defendant's account of those happenings. "In motions made to the trial judge in criminal cases, the appellate court must regard the trial court as having had the opportunity to observe a witness's demeanor on the stand, and thus defer to the trial court's determination of the witness's credibility, unless it clearly and convincingly appears that it has abused its discretion." (Citing authorities.) *State v. Woollen,* 643 S.W.2d 270, 273–274 (Mo.App.1982). The instant record does not show that the trial court abused its discretion. It is unnecessary to determine the legal significance, if any, of November 24 happenings if defendant's testimony were accepted as true.

The record fails to show that the defendant complied with Article III, par. 1, with respect to delivery to the Missouri authorities of the "written request ... and his request for final disposition ...," so as to trigger the running of the 180-day period. Defendant's first point has no merit.

Defendant's second point is that the trial court erred in imposing an extended term of imprisonment on the burglary charge because the information pleaded that defendant was a persistent offender only as to the stealing charge.

Count I of the information charged the defendant with burglary in the second degree, a Class C felony. § 569.170. The authorized term for imprisonment for a Class C felony is a term of years not to exceed seven years. § 558.011, par. 1(3). Count II contained the charge of stealing.

■ The first page of the information set forth both counts in the proper sequence. The third paragraph of the information contained the "persistent offender" allegations, the sufficiency of which has not been attacked. The third paragraph commenced on the first page of the information, immediately following the statement of Count II, and continued onto page 2. Apparently it is defendant's contention that the persistent offender allegations should have been appended to each of the two counts and that the failure to append them to Count I made it improper for the trial court to impose an extended term with respect to the burglary charge.

■ The trial court may sentence a person who has been found guilty of a Class C felony to an extended term of imprisonment if it finds that the defendant is a persistent offender, that is one who has been previously convicted of two or more felonies committed at different times. § 558.016, as amended Laws 1981. Section 558.021, as amended Laws 1981, requires the court to find the defendant to be a persistent offender if three conditions are met, one of which is, as applicable here, that the information pleads all essential facts warranting a finding that the defendant is a persistent offender. The statute does not contain an express requirement that persistent offender allegations contained in a multi-count information be repeated in each count. Rule 23.11 provides that no information shall be invalid, "nor shall the trial, judgment or other proceedings thereon be stayed, because of any defect therein, which does not prejudice the substantial rights of the defendant."

In *State v. Lett,* 637 S.W.2d 198 (Mo.App. 1982), the defendant was charged, in separate counts, with burglary and stealing. Finding that the defendant was a persistent offender, the trial judge sentenced him to an extended term on each charge. On appeal the defendant contended that the persistent offender allegations were insufficient because they were not pleaded as a part of the counts of burglary and stealing but were on an attached sheet and were "only referred to after the second count by the notation '(See Page 2).'" The defendant argued that his sentence could not be extended because neither of the counts contained persistent offender allegations and the reference to them was not sufficient. Rejecting that contention this court held that it was "clear what was intended." This court said, "if there was any doubt in defendant's or his counsel's mind regarding

these allegations, they could have sought clarification prior to appeal." Defendant's second point has no merit.

Defendant's third point is that the trial court erred in failing to order a pre-sentence investigation "because there was a probation officer available and defendant did not waive such investigation."

In *State v. Phroper*, 619 S.W.2d 83, 91[11] (Mo.App.1981), the Western District of this court said: "Section 557.026 ... leaves no doubt that a presentence investigation and report is required in all felony cases before the trial court can make an authorized disposition unless (1) a probation officer is not available to the court or (2) defendant waives a presentence investigation and report." The court pointed out that the language of the statute is inconsistent with Rule 29.07(a)(1) which reads, in pertinent part: "When a probation officer is available to the court, such probation officer shall, unless otherwise directed by the court, make a pre-sentence investigation and report to the court...." The court also held that the rule superseded the statute, a holding supported by Rule 19.02. The court held that Rule 29.07(a)(1) "makes the use of presentence investigations and reports by the trial court in felony cases discretionary rather than mandatory." To similar effect see *State v. Jennings*, 649 S.W.2d 448, 455[25] (Mo.App. 1983). The instant record does not show that the trial court abused its discretion in not ordering a pre-sentence investigation. Defendant's third point has no merit.

Defendant's fourth point is that the trial court erred in finding defendant to be a persistent offender and sentencing him to an extended term because (a) the trial court failed to make a specific finding that the two prior offenses were committed at different times and (b) the trial court failed to make a specific finding that the defendant's prior felony of unauthorized use of a motor vehicle would have been a felony if committed in Missouri.

Section 558.016, par. 3, as amended Laws 1981, reads:

"3. A 'persistent offender' is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times."

Section 558.021.1, as amended Laws 1981, requires the court to find the defendant to be a persistent offender if, as applicable here, the information pleads all essential facts warranting a finding that the defendant is a persistent offender, evidence is introduced "that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt" that the defendant is a persistent offender and "(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a ... persistent offender ..."

Prior to sentencing the state introduced evidence concerning defendant's prior convictions. State's Exhibit 7, admitted into evidence without objection, contained Oklahoma court records showing two prior Oklahoma convictions. The judgment and sentence of the trial court included the following:

"The Court further finds that defendant is a persistent offender in that he has previously been convicted in the District Court of the 14th Judicial District, State of Oklahoma, Pawnee County, (Case No. CRF82–32), of the crime of unauthorized use of a motor vehicle and that he was sentenced to a term of one (1) year upon said conviction. The Court further finds that defendant was previously convicted in the District Court of the 14th Judicial District of the State of Oklahoma, Tulsa County (Case No. CRF79–1992) of the crime of escape from confinement and that he was sentenced to serve a term of four (4) years."

The convictions mentioned in the judgment were those charged in the information. Exhibit 7 contains documents showing that the Pawnee County conviction was based on an offense occurring in that county on July 6, 1982. Although the documents in Exhibit 7 do not show the date of the offense on which the Tulsa County conviction was based, the conviction itself took place on October 5, 1979, so it is clear

that the two Oklahoma felonies were committed at different times.

Prior to its amendment in 1981 § 558.021 prohibited a trial court from imposing an extended term of imprisonment unless, among other things, the court determined "the existence of the basis for the extended term and [made] *specific* findings to that effect." (Emphasis added.) Under the pre-1981 statute findings by the trial court merely couched in the language of the statute which then defined persistent offender, a definition amended in 1981, were insufficient and it was necessary that the findings "describe the offenses which constituted the proof." *State v. Slater*, 633 S.W.2d 439, 441 (Mo.App.1982), and *State v. Moore*, 633 S.W.2d 140 (Mo.App.1982). See also *State v. Thompson*, 629 S.W.2d 361 (Mo.App.1981). On the other hand, even under the old statute, there were holdings that a failure to make specific findings did not amount to plain error requiring remand where there was evidence to support a finding that defendant was a persistent offender. *State v. Moland*, 626 S.W.2d 368 (Mo.1982), and *State v. Shepherd*, 633 S.W.2d 206 (Mo.App.1982).

Under the present version of § 558.021.-1(3), so long as there is evidence to support findings of fact required to meet the present definition of persistent offender, the failure of the trial court to make specific findings has been labeled a "procedural deficiency," *State v. Bryant*, 658 S.W.2d 935, 940 (Mo.App.1983), and "more than a mere irregularity," *State v. Wynn*, 666 S.W.2d 862 (Mo.App.1984), but no remand was ordered and the judgments were affirmed.

In *Wynn* the trial court, at the conclusion of the persistent offender hearing, stated that it would take judicial notice of its own records, stated the docket number of each of the two cases against the defendant containing the judgment and sentence of which the court took notice, and added, "The court will find that the defendant is a persistent offender under the appropriate Missouri statute." The judgment and sentence itself contained this recital: "... evidence having been presented that the Defendant has pleaded guilty to or has been found guilty of two or more felonies committed at different times, accordingly, the Defendant is found to be a Persistent Offender and the Defendant may be sentenced to serve an extended term of imprisonment...." The court of appeals held that the trial court's oral statement, "plus the recital in the court's judgment and sentence, constitute a sufficient finding of persistent offender within the requirement of § 558.021.1(3) RSMo 1981." *Wynn*, supra, at 865.

■ In the instant case, after the state had adduced evidence with respect to the Oklahoma convictions, the court stated: "I have made a finding that the defendant is found to be a persistent offender." The court also orally made the same findings previously quoted from the judgment and sentence with regard to the Oklahoma convictions. It would have been better if the judgment had recited the respective dates of commission of the two Oklahoma felonies. This court holds that there was a sufficient compliance with § 558.021.1(3) and that no remand is necessary for more specific findings. Defendant's point 4(a) has no merit.

■ Defendant asserts that the trial court improperly treated him as a persistent offender because the trial court failed to make a specific finding that the unauthorized use of a motor vehicle, which was the basis for one of the Oklahoma convictions, would have been a felony if committed in Missouri. Defendant argues that such conduct, if committed in Missouri, would constitute tampering in the second degree, which is a Class A misdemeanor. § 569.-090, par. 1(2).

A somewhat similar argument was advanced and rejected in *State v. Rellihan*, 662 S.W.2d 535 (Mo.App.1983). In that case defendant was charged with being a prior offender, that is "one who has pleaded guilty to or has been found guilty of one felony." § 558.016.2. Rellihan asserted that there was no evidence showing that conduct underlying his previous conviction, burglary of a vending machine (a felony in Oklahoma), constituted a felony under the laws of Missouri. The court discussed

**454**

§ 556.290 RSMo 1969, now repealed, which required that a criminal offense in another jurisdiction, to qualify as a prior conviction, had to be an offense which, if committed in Missouri, would be a felony. The court pointed out that no such requirement is found in § 558.016.2, defining "prior offender," and held that "the definition of the term 'felony' within § 558.016.2 is not limited by, nor does it require a finding that the previous conviction under another jurisdiction, either federal or state, is also a felony under Missouri law." *Rellihan*, supra, at 546.

Section 558.016, par. 3, supra, as amended Laws 1981, which defines "persistent offender," does not, in its use of the word "felonies,"[2] require that a felony committed in another state involve conduct which, if committed in Missouri, would constitute a felony. It is sufficient that the conduct was a felony in that other state. Defendant's point 4(b) has no merit.

The judgment is affirmed.

TITUS, P.J., and GREENE, J., concur.

2. Section 556.016 reads, in pertinent part: ·
"1. An offense defined by this code or by any other statute of this state, for which a sentence of death or imprisonment is authorized, constitutes a 'crime.' Crimes are classified as felonies and misdemeanors.

"2. A crime is a 'felony' if it is so designated or if persons convicted thereof may be sentenced to death or imprisonment for a term which is in excess of one year.
..."