STATE of Missouri, Respondent,

v.

Allen "Buddy" HOWELL, Appellant.

No. WD 43867.

Missouri Court of Appeals,
Western District.

Sept. 24, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 29, 1991.

Application to Transfer Denied
Dec. 17, 1991.

**682**

James Ochs, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and FENNER and HANNA, JJ.

LOWENSTEIN, Chief Judge.

The state charged defendant Allen "Buddy" Howell with the class D felony of escape from confinement. Section 575.210, RSMo 1986. A jury found him guilty. The court determined him to be both a prior and a persistent offender, § 558.016, RSMo 1986, and sentenced him to imprisonment for five years, served consecutively with sentences previously imposed. Howell raises three points on appeal. Point I is that the trial court lacked jurisdiction to hear the escape charge and should have sustained his motion to dismiss because his previously filed motions for discovery and change of venue constituted a request to dispose of the charge under the Interstate Agreement on Detainers. Point II is that the trial court incorrectly denied his motion to disqualify the prosecutor on the basis of conflict of interest. Point III is that the verdict director did not conform to the MAI.

Howell was originally arrested in Missouri in 1986, on a first degree assault warrant. During the fall of 1986, while awaiting trial on the assault, he alleges the Callaway County jailer approached him to "make a hit" on the jailer's brother. Howell told his attorney, and the state respond-ed by holding at least one, 30–45 minute meeting between the prosecutor Diane Garber, the sheriff and Howell. Although Garber did not testify, the evidence was that Howell agreed at this meeting to wear a wire into the jail and so prove or disprove his story. According to Howell, shortly thereafter and before the "investigation" commenced, the jailer reiterated his desire for a "hit," threatening Buddy with a gun. The next day Howell escaped from the Callaway County Jail. He was arrested six months later in May of 1987, in Georgia, and transferred to federal custody in Terra Haute, Indiana.

The Callaway County prosecutor, Garber, lodged a detainer against Howell in the fall of 1987, but no request for temporary custody under the Agreement on Detainers (hereinafter "AOD") was then or ever made of the Terra Haute federal penitentiary authorities. When the Terra Haute officials informed Garber of his release in January of 1989, some two years later, Garber took custody of Howell in Terra Haute under a governor's warrant, and he was returned to stand trial in Missouri on the assault and the escape charge.

The record reflects that shortly after Howell's federal confinement commenced, in the spring of 1987, proceedings on the original assault charge began, and Howell made an appearance through counsel in Callaway County. The attorney filed several motions in the original assault case (discovery and change of venue). No such motions were ever made with regard to the escape charge, the subject of this appeal.

■ Howell complains the state failed to comply with the Agreement on Detainers ("AOD"). He asserts that the pre-trial motions made in July of 1987, constituted a "request" under the AOD, for Missouri as receiving state to dispose of the charges pending against him.

■ Addressing the first point this court will assume, as the parties have, that a detainer *was* lodged for the escape charge, under Missouri's AOD, § 217.490, RSMo 1986.[1] The language of the AOD

---

**1.** From the record, it appears that a detainer was never lodged on the *escape* charge, as both parties seem to assume. If no detainer was lodged on the escape (as opposed to the original assault), then there are no grounds for the first point. This is because a prisoner in a sending state cannot "request" disposition of a detainer and pending charges, and so invoke the AOD limitations, where no detainer exists. *See Hicks v. State*, 719 S.W.2d 86, 89 (Mo.App.1986); *State*

clearly contemplates written notice to the court and prosecutor requesting disposition of charges. While Missouri recognizes that literal compliance is not required,[2] and that the burden of compliance after a valid request rests upon the receiving state, the prisoner must make a good faith effort to invoke the benefits of the AOD, and omit nothing essential to its operation.

Howell asserts that the AOD should be liberally construed to find that the discovery and change of venue motions constitute a "request" under the AOD. He cites to *State ex rel. Saxton v. Moore,* 598 S.W.2d 586 (Mo.App.1980), for his proposition that literal compliance is unnecessary. In *Saxton* the court concluded that the defendant made a "good faith" effort to comply with the AOD by filling out and returning three separate documents as requested by the Jackson County prosecutor's office. The prosecutor's office had told the defendant that receipt of these forms by the office would invoke the AOD time limitations. Additionally, the state in *Saxton* was found to have waived the requirement of written notice to the court, as required by the AOD, *see State ex rel. Hammett v. McKenzie,* 596 S.W.2d 53, 56 (Mo.App.1980), and *State v. Bussard,* 494 S.W.2d 401, 403 (Mo.App.1973), by instructing the defendant on complying with the AOD, and later assuring defendant of its own intended compliance. *Id.* at 592. *Saxton* does not support a breaking away from compliance with the "essential elements" of the AOD. *See also State v. Barnard,* 678 S.W.2d 448, 450–51 (Mo.App.1984), (where the defendant asked prison officials to "take care of" the detainers, yet still the court said this did not comprise *written notice* of a desire to dispose of charges); *State v. Savage,* 522 S.W.2d 144, 146–47 (Mo.App.1975) (where the defendant personally sent a "petition" to the trial court seeking dismissal of the detainer and charges, yet this was not deemed a "request" under the AOD).

The court finds no grounds for error in the trial court's denial of Howell's motion to dismiss—the trial court correctly decided it had jurisdiction to hear the escape charge. No attempt was made to comply with the essential elements of the AOD, no documents personally signed or requested by Howell were sent to Missouri from Terra Haute, and there are no documents which could constitute written notice of a request to dispose of the charges. The pretrial motions for discovery and change of venue do not comply with the written notice provisions of the AOD, and do not give notice to anyone of a desire to invoke the time limitations of the AOD.[3]

■ The second point on appeal is that the trial court erred in denying his motion to disqualify the prosecutor, since Garber was involved in the events leading up to his escape. What Howell is really arguing for is a disqualification of the entire Callaway County prosecutor's office. The court first notes that a ruling on a motion to disqualify a prosecutor is a matter for the trial court's discretion, *State v. Newman,* 605 S.W.2d 781, 787 (Mo.1980). Under the facts of this case, and the applicable law, the court finds no abuse of such discretion.

■ Firstly, Missouri Disciplinary Rules 5–101(B) and 5–102, applying to disqualification of counsel appearing as a witness in

---

*v. Buckles,* 636 S.W.2d 914, 921 (Mo. banc 1982); § 217.490. The exception is that under the AOD, a request under one detainer operates to invoke the AOD for all other charges *not* under a detainer only if those other charges "arise from the same transaction as the.... detainer." Section 217.490. An assault and an escape are not the same "transaction," and so, again, even if motions filed in the assault case operated as a "request," if no detainer was lodged on the escape charge, the AOD was not invoked for the escape charge.

2. In fact, Article IX of the AOD states that "[t]his agreement shall be liberally construed so as to effectuate its purposes." Section 217.490.

3. In doing so, the court notes in *United States v. Mauro,* 436 U.S. 340, 364–65, 98 S.Ct. 1834, 1849–50, 56 L.Ed.2d 329 (1978), that the United States Supreme Court held a defendant's continual efforts to advance federal trial, in the form of speedy trial motions and motions to dismiss on grounds of loss of state prison privileges, were "sufficient to put the Government and the District Court on notice of the substance" of defendant's claims. *Id. Mauro,* in allowing the defendant's speedy trial motions to operate as a request for disposition of charges, directly supports the purpose behind the AOD. The court sees no reason why discovery motions and change of venue motions should be viewed in this same light.

a case, were addressed in the prosecutorial context by the Missouri Supreme Court in *State v. Johnson*, 702 S.W.2d 65, 67–70 (Mo. banc 1985). In *Johnson*, the Supreme Court held these rules do not apply to multi-member prosecuting attorney offices. *Id.* at 70. Garber's office employs several assistants, one of whom handled this prosecution.

Secondly, "bias," or "personal interest in the outcome of the case," are the common law grounds utilized for disqualification. Howell did not call Garber as a witness, stating that this was because of the "difficulties involved", and the negative effect on her testimony given a favorable cross-examination. The court fails to see how the "difficulties" in Garber testifying are greater than the difficulties of bias with any potentially hostile witness. Howell did call Sheriff Lee, who testified to the arrangements to wire him, so Howell did have the benefit of supportive testimony at trial. The Supreme Court has held in *State v. Hayes*, 473 S.W.2d 688, 691–92 (Mo. 1971), that when a principle factual issue rests on believing the defendant or the prosecutor/witness, disqualification is necessary. Yet here, no contradictory testimony was contemplated. Also, in *State v. Williams*, 747 S.W.2d 635, 637–38 (Mo.App. 1988), a prosecuting attorney directly involved in the investigation and undercover operation leading to defendant's trial was not disqualified. Here, however, Howell alleges that Garber's knowledge of events tending to *help* him, rather that convict him, should lead to a disqualification. The court sees Garber's role in Howell's escape as less "prejudicial" to Howell than the investigative work allowed in *Williams*.

■ The court also fails to see any facts in the record rising to the level of a "personal interest" by Garber. Garber's apparent involvement in arranging to put a wire on Howell did not give her entire office a personal interest in the case, when at most she was investigating *on his behalf*. *See State v. Hayes*, 473 S.W.2d 688, 691–92 (Mo.1971). The trial court's exercise of discretion is upheld.

■ The last point is the trial court erred in overruling defendant's objection to the escape verdict director 5, which did not conform to MAI–CR3d No. 329.74.[4] Although this contention is correct, as the instruction did not contain the charge for which he was being confined, the point is denied, given that it was not preserved for appeal, and further that no prejudice resulted from the instruction.

■ Howell did not object to the instruction no. 5 during the instruction conference, but did make an objection in his motion for new trial. However, Missouri law requires an objection in the new trial motion to be specific, *see* Rule 28.03; *State v. McClure*, 632 S.W.2d 314, 316 (Mo.App. 1982). Howell's motion language is hardly "specific,"[5] and the court finds his point barred from review. But, had the point been preserved, no prejudice to Howell is shown, though the court is certainly *not* encouraging the state to deviate from MAI. The applicable portion of the MAI verdict director on escape essentially requests the jury to find that the defendant escaped from lawful confinement upon a valid arrest. The jury had before it evidence the confinement was for assault in November of 1986.

The judgment is affirmed.

---

4. The applicable portion of instruction no. 5 reads as follows:
   If you find and believe from the evidence beyond a reasonable doubt:
   First that on or about November 25, 1986, in the county of Callaway, State of Missouri, the defendant was being held in confinement at the Callaway County jail after being *arrested,* and
   Second ...

The instruction should have read "after being *arrested for assault,*" in order to comply with MAI–CR3d No. 329.74.

5. Paragraph six of motion for new trial: "Defendant objects to all instructions and court's instructions as being improper, incorrect statements of the law, confusing, not in line with pattern instructions or the law, unsupported by facts, and prejudicial to the defendant."