**STATE of Missouri, Plaintiff–Respondent,**

v.

**Larry ELLIOTT, Defendant–Appellant.**

**No. 18260.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 19, 1993.

Judith C. LaRose, Office of the State Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

A jury found defendant guilty of sodomy. The court found that defendant was a prior offender, a persistent offender, and a Class X offender and imposed a sentence of 30 years' imprisonment. Defendant appeals.

Defendant does not challenge the sufficiency of the evidence to support the conviction. The victim of the offense was his six-year-old niece. Her testimony with re-

gard to the offense was supported by medical testimony and admissions of defendant.

Defendant's first point is that the trial court, in violation of defendant's right to a fair trial and due process, committed plain error "in allowing the prosecutor to attempt to define reasonable doubt during closing argument and in failing to declare a mistrial sua sponte ... in that it was not the prerogative of the state to inform the jury of the law during closing argument and the state misstated the standard of reasonable doubt."

■ No objection was posed to the prosecutor's argument at the time it was made, nor did defendant address the subject in his motion for new trial. Defendant's request for plain error review is based on Rule 30.20,[1] which provides that this court, in its discretion, may consider plain error affecting substantial rights when this court finds that manifest injustice or miscarriage of justice has resulted therefrom.

In *State v. Newlon*, 627 S.W.2d 606, 616 (Mo. banc 1982), the court said:

> [R]elief should be rarely granted on assertions of *plain error* as to closing argument, for where no objection was lodged, trial strategy is an important consideration and such assertions are generally denied without explication. This because the absence of objection, request for admonishment to disregard, or for other relief narrows the trial court's options, requiring uninvited interference with summation and a corresponding increase of the risk of error by such intervention. (Emphasis in original.)

■ On plain error review, "improper argument will justify reversal only if its effect is decisive on the jury's determination; and the defendant is saddled with the burden of demonstrating such effect." *State v. Wren*, 643 S.W.2d 800, 802 (Mo.1983). "[P]lain error will seldom be found in unobjected closing argument. A holding that

would require the judge to interrupt counsel presents myriad problems." *State v. Kempker*, 824 S.W.2d 909, 911 (Mo. banc 1992). The plain error rule should be used sparingly and does not justify a review of every trial error that has not been properly preserved for appellate review. *State v. McMillin*, 783 S.W.2d 82, 88 (Mo. banc 1990). Plain error may be considered only where there is a "sound, substantial manifestation ..., a strong, clear showing, that injustice or miscarriage of justice will result if relief is not given." *State v. Wood*, 719 S.W.2d 756, 759 (Mo. banc 1986).

■ It is improper for counsel to define "reasonable doubt," but it is permissible for counsel to discuss the concept with the jury. *State v. Wright*, 851 S.W.2d 786, 788[3] (Mo.App.1993).

In *State v. Williams*, 659 S.W.2d 778, 781–782 (Mo. banc 1983), the court said:

> MAI–CR provides the required instruction [now MAI–CR 3d 302.04] on burden of proof and related matters, including reasonable doubt, and it precludes both court and counsel from defining or elaborating upon the instruction.... [F]or a decision to be reversed on this ground, counsel must state a definition of "reasonable doubt" that is incorrect. Opposing counsel must object at that point or face a stricter standard of review on appeal under which only manifest injustice can merit reversal. If that objection is overruled, the offending counsel must then continue to define "reasonable doubt" for the jury. (Citing authorities).

■ The trial court gave Instruction No. 4, which was MAI–CR 3d 302.04. Defendant's point is based upon the following portion of the prosecutor's closing argument:

> I submit to you that it would be extremely unreasonable for a little girl to come to court and go through all of this if it didn't happen and for her to go through all she's gone through under

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

this cross-examination. It is reasonable to believe what we've told you because it is in fact the truth. You have Instruction Number 4 which tells you a little bit about reasonable doubt. It says a reasonable doubt is a doubt based upon the reason and common sense after careful and impartial consideration of all the evidence in this case. That means that when you go back in the jury room you don't have to leave your common sense behind. A reasonable doubt is not an impossible burden, rather that I expect the defense attorney may try to tell you that it is. The law does not require proof beyond all reasonable doubt and if you think about it you probably don't know anything beyond all doubt. I know beyond a reasonable doubt the world is basically round, but I've never been around the world. I know beyond a reasonable doubt that that's Mr. Martin sitting there, the defense attorney, the same man that was here this morning, but I could never prove to you beyond a reasonable doubt, all doubt, that a twin brother didn't come in this afternoon, but reasonable doubt is based upon common sense and that's the point I'm trying to make.

Defendant's argument focuses on the prosecutor's remark that "the law does not require proof beyond all reasonable doubt...." The state's brief, in response, says:

[T]his statement is taken out of context in that the prosecutor continued "... and if you think about it you probably don't know anything beyond all doubt." Although the prosecutor misspoke during the portion of the argument referred to by appellant, the context of the prosecutor's argument made it clear that reasonable doubt is not the same as all doubt.... At worst, the prosecutor mistakenly used the term reasonable doubt for all doubt and caught his error later in his argument when he stated "beyond a reasonable doubt, all doubt."

Instruction 4 told the jury, among other things, "This presumption of innocence places upon the state the burden of proving beyond a reasonable doubt that the defendant is guilty." The prosecutor's statement that the law does not require proof beyond "all reasonable doubt" is in conflict with Instruction 4. It was the type of statement, perhaps a slip of the tongue made at an emotional stage of a bitterly contested trial, which lent itself to prompt correction if the matter had been called to the court's attention by defense counsel.

In *Kempker, supra,* the prosecutor, in his closing argument, made a direct comment on the defendant's failure to take the stand. It is difficult to conceive a more serious intrusion on defendant's right to a fair trial. Rejecting defendant's complaint of plain error, however, the court said, at 911:

We conclude, nonetheless, that the absence of an objection is fatal to the defendant's contention. Had objection been made the trial judge could have taken appropriate steps to make correction. The defendant was not necessarily entitled to a mistrial. The judge could consider the state of the evidence and the apparent effect on the jury and might conclude that it would be sufficient to sustain the objection and then caution the jury if requested. Defense counsel did not give him this chance.

.        .        .        .        .

The jury, at the defendant's request, was instructed in accordance with MAI–CR 3d 308.14, which makes it clear that no presumption of guilt arises and no adverse inference may be drawn if the defendant does not take the stand. If counsel wanted relief from the objectionable argument, an objection should have been made.

This court's review of the record leads it to the conclusion that no manifest injustice or miscarriage of justice has resulted from the prosecutor's improper argument. See *State v. Burnfin,* 606 S.W.2d 629, 631[4, 5] (Mo.1980). Defendant's first point has no merit.

Defendant's second point is that the trial court erred in giving Instruction 4, based on MAI–CR 3d 302.04, in that the instruction erroneously defined "reasonable doubt." In *State v. Blankenship*, 830 S.W.2d 1, 13[14] (Mo. banc 1992), the court rejected the same contention and said that the instruction has been repeatedly upheld. Defendant's second point has no merit.

The judgment is affirmed.

MONTGOMERY and GARRISON, JJ., concur.