**STATE of Missouri, Respondent,**

v.

**Rolf ROSENDAHL, Appellant.**

Nos. WD 49918, WD 51685.

Missouri Court of Appeals,
Western District.

Jan. 14, 1997.

Barbara Hoppe, Asst. Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

HANNA, Presiding Judge.

The defendant, Rolf A. Rosendahl, appeals from his conviction by a jury of the manufacture of a controlled substance, § 195.211, RSMo 1994, and sentence of fifteen years imprisonment. He also appeals the denial of his post-conviction motion following an evidentiary hearing.

In his direct appeal, the defendant makes three arguments: first, he contends that the trial court erred in not declaring a mistrial *sua sponte* during closing argument when the prosecutor improperly defined reasonable doubt; second, he argues that the trial court

erred in not dismissing the case because he was subjected to double jeopardy when certain items of personal property were seized pursuant to a civil forfeiture proceeding; and, third, he maintains that the trial court erred in allowing the admission of two bags of marijuana because there was a gap in the chain of custody, which destroyed the evidence's reliability. Finally, in his appeal from the denial of his Rule 29.15 motion, the defendant contends that his trial counsel was ineffective in not filing a motion for a speedy trial.

In August of 1991, the Johnson County Sheriff's Department received an anonymous tip from a confidential informant about a patch of marijuana being cultivated south of Burtville, off County Road S.E. 651. On August 16, 1991, two deputies from the Sheriff's Department and Corporal Gary Zink of the Missouri State Highway Patrol inspected the unfenced tract of land. From the road, the officers could not see the area where the plants were growing. They followed a well-worn path about 200 to 300 yards east of the road through weeds and brush, where they found approximately 46 marijuana plants growing along the edge of the trees within 25 feet of a pond. The plants appeared to have been cultivated. Some of the plants had been grafted together with duct tape and some were tied together with string or tape. The officers also saw two different types of plant food, chicken wire, and "woven type wire" in the general vicinity of the plants.

Sheriff Norman ordered a 24–hour surveillance of the area. On August 19, 1991, two officers on surveillance heard a car drive up and park near the field. They saw the defendant and Mr. Dewey, each carrying two potted plants, walking towards the marijuana plants. Mr. Dewey began removing the plants's leaves and putting them into a large plastic bag. The defendant went to the growing plants and also started picking dried leaves off the plants. He then went back to the truck and returned with a spade, some fertilizer, and a camera.

When Corporal Zink informed the defendant that he was under arrest, he responded, "I figured that." The officers found several bags of plant food and a folded paper apparently containing marijuana buds in the defendant's truck. The officers cut down the 46 marijuana plants and took them to the sheriff's office. The leaves from the plants were stripped, allowed to dry, and eventually placed in two evidence bags. Laboratory tests of the potted plants revealed marijuana weighing 28.83 grams. The plants in the field weighed 51.13 grams and were determined to be marijuana.

■ The defendant first contends that the prosecutor improperly defined reasonable doubt during closing arguments and that the trial court erred by failing to *sua sponte* declare a mistrial. Because defense counsel did not object to the argument, he requests plain error review under Rule 30.20.

The questioned argument follows:

We are not permitted to define the instruction on reasonable doubt beyond what the Court has already told you about. But, I would like for you to keep this in mind when you read the reasonable doubt instruction and you discuss the issue among yourselves.

You are all on this jury because you are reasonable people. We would not have picked you to be on the jury if we believed you to be otherwise. Reasonable people throughout their daily activities, make judgments and decisions about what they need to do in their daily lives and about things that occur based upon what they, as reasonable people reasonably believe.

Simple example. If you were—a person were to go outside from this building today and find the streets wet and the cars with droplets on them and all the grass wet, one would conclude reasonably, as reasonable people, that it had rained.

Now I presume it could be possible that a helicopter going to a fire somewhere had dropped its big load of water, but unless you had some evidence to that, that would not be reasonable to believe that. And I suppose also, the fire department could have gotten out there and had a water fight in the street, but unless there was some evidence to believe that, that would not be a reasonable belief.

Every day reasonable people make decisions about what they reasonably believe. And I submit to you what you reasonably believe, you cannot reasonably doubt. That brings us to the facts in our case.

■ To warrant relief under plain error, the prosecutor's statement must have resulted in manifest injustice or a miscarriage of justice. *State v. Burnfin*, 606 S.W.2d 629, 631 (Mo.1980). Additionally, on plain error review, an error alleging improper closing argument will justify reversal only if its effect on the jury is decisive in the jury's determination. *State v. Elliott*, 856 S.W.2d 944, 945 (Mo.App.1993). The defendant has the burden of proving the effect of the argument on the jury. *Id.*

■ Attorneys are free to discuss reasonable doubt during closing argument, *State v. Williams*, 659 S.W.2d 778, 781 (Mo. banc 1983), but cannot attempt to define it. *Id.* Counsel may point out that not every doubt is a reasonable doubt. *Id.*

■ The defendant now asserts that these comments "were incorrect, definitional, lengthy and impermissible," although trial counsel registered no objections to the remarks when they were made. "[P]lain error will seldom be found in unobjected closing argument. A holding that would require the judge to interrupt counsel presents myriad problems." *State v. Kempker*, 824 S.W.2d 909, 911 (Mo. banc 1992). Because trial strategy is such an important consideration in closing argument, where no objection is lodged, assertions of plain error will generally be denied without exception. *State v. Newlon*, 627 S.W.2d 606, 616 (Mo. banc 1982). The prosecutor's argument commenced by reminding the jury that she was not attempting to define reasonable doubt beyond the definition found in the court's instructions. The prosecutor's argument continued with an example designed to point out that slight doubt about an issue is not necessarily reasonable doubt. *See State v. Giannico*, 642 S.W.2d 651, 654 (Mo. banc 1982). It is appropriate to discuss the concept of reasonable doubt. *State v. Dunn*, 889 S.W.2d 65, 71 (Mo.App.1994). However, the prosecutor then substituted her definition of reasonable doubt for that of the court when

she argued "what you reasonably believe, you cannot reasonably doubt. . . ." We review the impermissible argument in the context of the whole argument and under the stricter plain error standard. We are not persuaded that the jury was misled or confused by the prosecutor's argument so as to result in manifest injustice or a miscarriage of justice. *State v. Burnfin*, 606 S.W.2d at 631 (Mo.1980). Point denied.

■ The defendant's second point alleges that the state's civil forfeiture of his property, which he claims occurred at the time of his arrest, subjected him to double jeopardy. There are a number of problems with the defendant's claim, the first of which is that there is no record on appeal to support the factual basis of his argument. The point was not preserved by objection at trial or in the defendant's post trial motion. In support of his argument, the defendant attached to his appellant brief, copies of a judge's docket showing a filing, not from this case, of a petition for civil forfeiture of property and a notice that the petition had been sent to him. An appellate court is limited to the record made in the trial court and may not consider on appeal exhibits that have been unilaterally appended to the appellant's brief. *State v. Pendergrass*, 869 S.W.2d 816, 819 (Mo.App. 1994). The failure to raise the question of double jeopardy in the trial court has resulted in no record of the forfeiture action either in the trial court or here.

*Horsey v. State*, 747 S.W.2d 748 (Mo.App. 1988), is a careful review of whether a party may waive his claim of double jeopardy. *Id.* at 754–55. The court concluded that double jeopardy is a personal right which may be waived by failing to assert the claim before trial. *Id.* at 755. Review by the appellate court is limited to the record made in the trial court. *State v. Pendergrass*, 869 S.W.2d at 819 n. 1. Because the issue was not raised at trial, or in his post trial motion, there is nothing in the record to support his assertion of a civil forfeiture initiated against him based upon the same facts as litigated in the criminal trial.

Even if we were to consider the documents attached to the appellant's brief, we are un-

able to determine from the face of the petition whether it was an in rem or in personam forfeiture, a significant factor in determining whether the Double Jeopardy Clause is implicated. *U.S. v. Ursery*, 518 U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). The Supreme Court rejected an argument nearly identical to that raised by the defendant in this case. The court held that the civil in rem forfeiture of Usery's house, which had been used to facilitate the unlawful possession and distribution of marijuana, did not bar the subsequent imposition of criminal penalties for the same conduct. *Id.* at ——, 116 S.Ct. at 2149.

Further, there is no entry showing a judgment of forfeiture, only that a proceeding was initiated, although the last entry was made before the commencement of the criminal trial. Before jeopardy could attach there must be a "judicial forfeiture" wherein a party "lose[s] the property as a result of a judgment." *United States v. Evans*, 92 F.3d 540, 542–43 (7th Cir.1996). Point denied.

■ The defendant's third point alleges that the court erred in allowing two bags of marijuana to be admitted at trial because there was a one week gap in the chain of custody which destroyed the reasonable reliability of the evidence. The one week gap complained of was between the time Corporal Zink placed the two sealed bags inside the evidence locker at the Troop A headquarters and when Trooper Temmen, the evidence officer, retrieved them to log them into the patrol's computer system.

The evidence shows that Corporal Zink taped the two bags of marijuana shut, sealed them with red evidence tape, and signed the tape. The bags were then placed into a locked evidence locker to which only the evidence officer and his immediate supervisor had keys. The locker was opened approximately one week later for Trooper Temmen to log the bags into the patrol's computer system. They then were returned to the locker. The bags remained there until Corporal Zink transported them to the patrol's forensic laboratory in Jefferson City. The seals were still intact according to the testimony of both Zink and the patrol's chemist.

■ There is no evidence of a gap in the chain of custody which would exclude the evidence from the jury. The evidence must provide "reasonable assurance" that the exhibit sought to be introduced is the same and in the same condition as when obtained, and that it has not been tampered with or contaminated. *State v. Anthony*, 857 S.W.2d 861, 864 (Mo.App.1993). The reasonable assurance test does not require a showing that the exhibit was continually watched or proof of the exclusion of every possibility that the evidence has been disturbed. *Id.* at 865. The bags remained in a locked evidence locker for one week, sealed and with no evidence of tampering. The trial court had reasonable assurances, exercising its sound discretion, that the exhibits were in the same condition as when obtained. *State v. Murray*, 630 S.W.2d 577, 581 (Mo. banc 1982). Point denied.

■ The defendant's fourth point alleges that the trial court erred in denying his Rule 29.15 motion because his trial counsel was ineffective in not filing a motion to dismiss and for a speedy trial. Appellate review of the denial of a 29.15 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(k).

### Rule 29.15 Facts

The defendant filed a *pro se* motion to vacate his conviction and sentence based on the failure of his trial attorney to seek compliance with the Interstate Agreement on Detainers. The defendant was never incarcerated in the California penal system nor did the defendant or his attorney ever initiate any type of detainer action from California under Article III of the Interstate Agreement on Detainers Act. At the hearing on the motion, the defendant's attorney testified that, after researching the issue, he determined that the Agreement on Detainers did not apply in the defendant's case. The motion court agreed and further stated that the delays in the case had been due to the defendant, either because he was absent from the jurisdiction or because of requested continuances from his attorneys.

The Interstate Agreement on Detainers was enacted to apply to those who are imprisoned. *Kemp v. Hodge*, 629 S.W.2d 353,

356 (Mo. banc 1982). Articles III and IV of the agreement require that a person attempting to invoke its provisions be incarcerated. § 217.490, RSMo 1994. The defendant was extradited from California where he had been picked up on an outstanding Missouri warrant and returned to Missouri pursuant to the Uniform Criminal Extradition Law. § 548.0110–.300, RSMo 1994. The motion court found that the defendant had testified that he was never incarcerated in the California penal system, and that the court file and docket sheet did not indicate that he was incarcerated there. There was no evidence that the defendant initiated any action to invoke the provisions of the agreement. The defendant must make a good faith effort to invoke the provisions of the agreement. *State v. Howell,* 818 S.W.2d 681, 683 (Mo. App.1991). The motion court's findings were not clearly erroneous. Therefore, a motion filed by his counsel for a speedy trial under the agreement would have been fruitless and his failure to do so does not render his counsel ineffective. Point denied.

The judgment of conviction and the denial of the defendant's Rule 29.15 motion are affirmed.

SMART and LAURA DENVIR STITH, JJ., concur.